RUBY M. WEEKS

*vs.*

ERNEST H. JOHNSON

STATE TAX ASSESSOR

Cumberland.    Opinion, June 18, 1951.

*Robert K. Miles,*
*Adelbert L. Miles,* for petitioner.

*Alexander A. LaFleur,*
*Boyd L. Bailey,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J. The issue in this case is the same as we had before us in the case just decided of *Gould* v. *Johnson, State Tax Assessor*.

In the instant case an inheritance tax of $457.98 was assessed by Ernest H. Johnson, State Tax Assessor, on certain United States Savings Bonds, series E, as assets of the estate of James N. O. Boe, late of Portland, who died September 1, 1948. All the bonds were bought by James N. O. Boe with his own money. They were issued between February 1942 and June 1945. $1,000 face amount of these bonds were issued in the joint names of James N. O. Boe or Miss Ruby M. Weeks. $5,275 face amount were issued in the names of James N. O. Boe, P.O.D. Miss Ruby Weeks.

For purposes of assessment of inheritance tax all of these bonds, whether payable to James N. O. Boe or Ruby Weeks as joint owners, or payable in beneficiary form to James N. O. Boe, P.O.D. Ruby Weeks, are the same. They are issued only in registered form; and can be transferred *inter vivos* only on complying with the federal statutes and regulations. Regulation A 315.45 and 315.46. The agreed statement alleges that the decedent shortly after the E bonds were purchased by him delivered them to Miss Ruby Weeks, stating in effect that he was giving them to her; and she accepted said bonds and retained them in her custody. Such attempted transfer of title was, however, ineffectual because of noncompliance with United States Treasury Regulations; and the status of the bonds was just the same as if no such attempted transfer had been made.

Under the doctrine of *Harvey* v. *Rackliffe*, 141 Me. 169, there was here a contract between the United States and the deceased, James N. O. Boe, by which the United States agreed to pay the bonds on the death of James N. O. Boe to the petitioner, Ruby M. Weeks. The rights of Miss Weeks arise solely from contract and not from grant or gift. The question is whether these bonds were subject to an inheri-

tance tax by the State of Maine as assets of the estate of James N. O. Boe. This question has already been answered by the case of *Hallett* v. *Bailey,* 143 Me. 1, 54 A. (2nd) 533, and *Gould* v. *Johnson, State Tax Assessor,* recently decided. The instant case is reported to the Law Court by the Probate Court for Cumberland County in accordance with 1944 R. S., Chap. 142, Sec. 30, and in accordance with the stipulation in such report the entry will be

> *Case remanded to the Probate Court for Denial of Abatement and Dismissal of Petition.*