IN RE ESTATE OF ARTHUR C. LOUDEN, deceased.

MAUDE LOUDEN and WILLIAM G. LOUDEN, coexecutors of estate of Arthur C. Louden, appellees, v. IOWA STATE TAX COMMISSION, appellant.

No. 49468.

(Reported in 92 N.W.2d 409)

OCTOBER 14, 1958.

Norman A. Erbe, Attorney General, Francis J. Pruss, Special Assistant Attorney General, Joseph C. Piper, Special Counsel, and Richard J. Brinkman, Assistant Attorney General, for Iowa State Tax Commission, appellant.

Frank LeRoy Simpson and Thomas A. Louden, both of Fairfield, for appellees.

THOMPSON, J.—On February 19, 1957, there was filed in the estate of Arthur C. Louden, then deceased, an inventory which showed, among other items, some $414,034.80 in United States Government bonds. The following appraisal by the inheritance tax appraisers of Jefferson County showed the same bonds and the same values. All of the bonds, with two exceptions, were registered in the names of "Arthur C. Louden or Mrs. Maude Louden." The exceptions were two small bonds totaling $304.80 in value, which were registered to "Mrs. Maude Louden or Arthur C. Louden."

The executors of the Arthur C. Louden estate then filed their application for order determining inheritance tax liability, and praying that the estate be relieved of imposition of tax on the bonds. The Iowa State Tax Commission filed its answer resisting the request, praying that the bonds be found to be subject to tax under section 450.3, paragraph 5, of the 1954 Code of Iowa, and for general equitable relief. An agreed stipulation of facts was submitted to the trial court, which granted the prayer of the application. The Commission appeals.

All of the bonds were issued subject to the regulations of the United States Treasury Department. Some of them were United States Treasury bonds, governed by section 306.55 of the General Regulations of the United States Treasury, which so far as material we quote: "(b) Bonds registered in the names of two or more persons in the alternative, as for example, 'John Smith or Mrs. Mary Smith,' * * * may be assigned by one co-owner, at maturity or upon call, for redemption or redemption-exchange (as defined in §306.2(g)), for his own account or otherwise, whether or not the other coowner or coowners are deceased and, if so, whether or not the Treasury has received notice of their deaths." The remainder were United States Savings bonds, all subject to and governed by regulations of the Treasury Department particularly section 315.45, the material part of which is set out herewith:

"(a) Payment during the lives of both coowners. During the lives of both coowners the bond will be paid to either coowner

upon his separate request without requiring the signature of the other coowner; and upon payment to either coowner the other person shall cease to have any interest in the bond. * * *

"(c) Payment or reissue after the death of one coowner. If either coowner dies without having presented and surrendered the bond for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or reissue will be made only to such survivor, as though the bond were registered in his name alone."

▮ We shall consider both sections 306.55 and 315.45 as having the same effect so far as the issues herein involved are concerned. The parties have made no distinction in argument. We have held that upon the death of either of the registered owners of any of the bonds title to them passes at once to the surviving owner and the bonds are no part of the deceased's estate. In re Estate of Murray, 236 Iowa 807, 20 N.W.2d 49. This has been followed in later cases. See In re Estate of Sprague, 244 Iowa 540, 57 N.W.2d 212; Hill v. Havens, 242 Iowa 920, 48 N.W.2d 870; and In re Estate of Clemmons, 242 Iowa 1248, 49 N.W.2d 883.

It is urged by the plaintiffs-executors that since the bonds in question never became a part of the Arthur C. Louden estate they are not subject to inheritance tax. Before agreeing with this contention we must consider section 450.3, paragraph 5, of the Code of 1954, in effect when Arthur C. Louden died. We set out the material part of this section:

"450.3 Property included. The tax hereby imposed shall be collected upon the net market value and shall go into the general fund of the state to be determined as herein provided, of any property passing: * * *

"5. Property which is held jointly or as tenants in the entirety by the decedent and any other person or persons or any deposit in banks, or other institution in their joint names and payable to either or to the survivor, except such part as may be proven to have belonged to the survivor; * * *."

The proper construction and meaning of this paragraph and the manner of its application are the vital elements in determining the question before us. It is the contention of the plaintiffs, in which the trial court concurred, that a taxing statute

must be construed strictly against the taxing authority and in favor of the taxpayer; a proposition which, at least for the purpose of this discussion, we may concede without citation of authority. It is further argued that the bonds in question were not property "jointly held" within the meaning of section 450.3(5), supra; and finally, that an inheritance tax must be levied upon the right to take property by succession rather than upon the property itself; in other words, that the tax is a succession tax only.

I. We shall first determine whether the bonds were property jointly held by Arthur C. Louden and Maude Louden. We have held that property held in joint tenancy is subject to the tax. In re Estate of Horner, 234 Iowa 624, 625, 626, 12 N.W.2d 166, 167. But the plaintiffs contend that the word "jointly" does not define a joint tenancy; and that, since the Treasury Regulations refer to the bond owners as "co-owners" the idea of a joint tenancy is negatived. We have said, in Hill v. Havens, supra (page 932 of 242 Iowa), that under conditions identical with those obtaining in the case at bar, that "by placing the bonds in the names of himself and Eva Havens as co-owners, * * * in the light of the Treasury Regulations, W. H. Havens made a definite contract for joint tenancy which the United States Government was bound to recognize, and which is just as immune from attack as the joint-depositary agreement with the bank; * * *." As plaintiffs point out we were there considering the question of ownership of the bonds, and were not speaking with reference to section 450.3(5), supra.

However, we think the contention as to whether the legislature intended "joint tenancy" when it said "jointly" is a profitless one for the plaintiffs. Whether a joint tenancy is created is a question of intent, and may be shown by parol evidence, at least as to interests in personal property. O'Brien v. Biegger, 233 Iowa 1179, 1211, 11 N.W.2d 412, 427. Survivorship is the distinguishing characteristic of an estate in joint tenancy. 48 C. J. S., Joint Tenancy, section 1, page 910; 14 Am. Jur., Cotenancy, section 6, page 79. This element of joint tenancy is definitely a part of the situation here; under the terms of the Treasury Regulations, which constituted a contract with the

United States, there was a clear right of survivorship in Maude Louden upon the death of her co-owner.

It may be true, as pointed out by Chief Justice Cardozo of the New York Court of Appeals in In re Estate of Kane, 246 N. Y. 498, 504, 159 N.E. 410, 412, that "a husband who puts the title to a chose in action in the name of himself and his wife jointly does not create a joint tenancy in the strict sense. The right of survivorship attaches if title is retained till his death, but he may defeat it altogether if he disposes of the property by conveyance taking effect during his life." But this does not mean that the property passing to the survivor is not "jointly held", or held "in the joint names of two or more persons", within the meaning of statutes such as our section 450.3(5), supra. Similar statutes are common and are considered as necessary to prevent the evasion of estate and inheritance taxes by joint tenancies or similar devices by means of which large amounts of estates of decedents might be placed beyond the reach of such exactions.

The plaintiffs urge that by the terms of the Treasury Regulations the decedent and his survivor were "co-owners." But this merely emphasizes their joint ownership; that the property involved here was "jointly held." In Royston v. Besett, 183 Okla. 643, 644, 83 P.2d 874, 877, in which a bank account was carried in the names of "Gertrude or William Royston" the Oklahoma Supreme Court said: "Manifestly there was a joint ownership in this account * * *." See also In re Lewis' Estate, 194 Miss. 480, 13 So.2d 20, 23.

The trial court based its holding chiefly upon two Michigan cases: In re Renz Estate, 338 Mich. 347, 61 N.W.2d 148, and In re DeWaters Estate, 338 Mich. 457, 61 N.W.2d 779; two Louisiana cases: Succession of Tanner, La. App., 24 So.2d 642, Succession of Raborn, 210 La. 1033, 29 So.2d 53; an Alabama case, Chambless v. Black, 250 Ala. 604, 35 So.2d 348; and a New York case, In re Estate of Dalsimer, 167 App. Div. 365, 153 N. Y. S. 58. Further reference will be made to the Dalsimer case. As to the Michigan and Louisiana authorities it is sufficient to say that they were decided under state inheritance tax statutes which contained no provision similar to our section 450.3(5) ; or

at least no reference is made to such a statute. They have no bearing upon the issue before us.

As plaintiffs point out, we have held in Albright v. Winey, 226 Iowa 222, 227, 284 N.W. 86, 88, that the word "jointly" does not, alone, create an estate in joint tenancy. This, however, does not aid their case. The taxing statute, section 450.3(5), uses the word "jointly" only; which we interpret to mean that a technical joint tenancy is not required to bring property within the purview of the law. If it is "held jointly" it is taxable. The intent of the legislature to reach property held by two or more parties so that upon the death of one it passes directly to the survivor, or survivors, is manifest. Other jurisdictions which have inheritance tax statutes in substance identical with our own have so held. In this view of the law it is not important whether we consider that the bonds which were held by Arthur C. Louden and Maude Louden were in strict joint tenancy or were merely jointly held. We have said in Hill v. Havens, supra, as pointed out above, that United States Government bonds held as were those in the case at bar were owned in joint tenancy; and in O'Brien v. Biegger, supra, at page 1205 of 233 Iowa, page 424 of 11 N.W.2d, in speaking of a bank account in the names of "Mrs. G. A. Biegger or G. A. Biegger" where the showing of intent was not in writing, but a survivorship agreement was sufficiently shown by parol: "May the decree of the trial court be sustained upon the theory of a joint tenancy? We know of no reason why it may not be." Survivorship is the distinguishing characteristic of a joint tenancy, as we have shown above; and it is clear the legislature intended to reach property so held for the purpose of making its inheritance tax statutes effective and to shut off a loophole for evasion.

The effect of statutes such as ours is aptly shown by a comparison of In re Estate of Dalsimer, supra, decided when New York had no statute taxing survivorship interests, with later New York cases. The Dalsimer case was decided in 1915; in the same year the legislature enacted chapter 664 of the Laws of 1915, adding to the tax laws of New York a provision very much like our own section 450.3(5). It provided that "whenever intangible property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other

institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant, * * *" should be deemed a transfer taxable under the inheritance tax laws. In In re McKelway's Estate, 221 N. Y. 15, 116 N.E. 348, 349, L. R. A. 1917E 1143, it was held that the interest acquired by the death of one party was taxable. To the same effect is In re Estate of Dwyer, 145 Misc. 603, 260 N. Y. S. 170.

From In re Estate of Kane, supra, we have quoted Judge Cardozo's statement that a true joint tenancy is not created by a husband who puts title to a chose in action in the joint names of himself and his wife, since he may dispose of the property during his lifetime. But it was held, nevertheless, that the interest of the wife accruing upon the death of the husband was taxable under the inheritance tax laws. In fact upon rehearing it was determined that the entire estate of the securities in question was taxable, since the wife had only a formal title until the death of the husband. In re Estate of Kane, 247 N. Y. 219, 160 N.E. 17.

In Wisconsin, section 72.01(6), Statutes of 1945, is identical in substance with our section 450.3(5) on the point here under consideration. Estate of Hounsell v. Department of Taxation, 252 Wis. 138, 31 N.W.2d 203, dealt with various properties, including real estate, real-estate mortgages, a note, and bank accounts. The Wisconsin Supreme Court said (at page 143 of 252 Wis., page 206 of 31 N.W.2d) : "* * * all that is needed to set the statute in motion is to have property in the joint names of the parties. When that is the case and one of the parties dies, the right of the other to the whole 'shall be deemed a transfer of one half * * * thereof'." It is to be noted that the sub-quotation in the last preceding sentence is from the Wisconsin statute, section 72.01(6), supra. Our own statute on this point says "except such part as may be proven to have belonged to the survivor."

Other courts have held, under statutes very like ours, that interests acquired by survivorship are taxable. See People v. Varel, 351 Ill. 96, 184 N.E. 209; In re Kleinschmidt Estate, 362 Pa. 353, 67 A.2d 117; Bradley v. State, 100 N. H. 232, 123 A.2d 148. Specific attention to the status of United States bonds

as taxable under inheritance tax statutes has been given in Connelly v. Kellogg, 136 Conn. 33, 68 A.2d 170; Weeks v. Johnson, 146 Maine 371, 82 A.2d 416; and Hallett v. Bailey, 143 Maine 1, 54 A.2d 533, all of which uphold the statutes and the right to tax. In re Graham Estate, 358 Pa. 383, 384, 57 A.2d 853, 854, dealt with a contention that United States Government bonds payable to "Mildred Graham or Elizabeth J. Graham" were not taxable upon the death of one of the co-owners. The Pennsylvania Supreme Court pointed out that the statutes of that state imposed a tax upon the transfer of property when held "in the joint names of two or more persons", and that the bonds were not an exception to the rule, but were taxable. The case is directly in point. When property is "held jointly", as here, with rights of survivorship, it is taxable under section 450.3(5), whether or not the terms of the joint holding amount to a strict and technical joint tenancy.

██ II. The plaintiffs in argument say that inheritance taxes must be upon rights to succession and not upon the property itself; otherwise they are unconstitutional. The contention is fully answered in In re Estate of Horner, 234 Iowa 624, 625, 626, 12 N.W.2d 166, 167, and by the authorities cited therein. See also In re Tack Estate, 325 Pa. 545, 548, 191 A. 155, 156. Many of the cases analyzed in Division I above also discuss this question, and hold in accord with In re Estate of Horner, supra.

██ III. While many states have statutes concerning the taxation of property which is "held jointly * * * by the decedent and any other person or persons" (Iowa) or is held "in the joint names of two or more persons" (Illinois, Wisconsin, New York, Pennsylvania, Connecticut, New Hampshire), the method of determining the amount of the estate passing which may be taxed differs. Some say the tax shall be levied as if the parties were tenants in common; some, as if the entire amount had passed by will. The various statutes generally make provision for the proportion of the entire property jointly held which shall be taxed, and our own section 450.3 does so. It says that the tax is imposed and shall be collected upon the net market value of any property passing in various ways, one of which is upon "property jointly held" as set out in paragraph (5). This paragraph includes an exception, in this language: "except such

part as may be proven to have belonged to the survivor." This language places the burden of proof upon the survivor to show what belonged to him prior to the death of the decedent. All of the property passing is taxable except such part as the survivor may show was his in substance rather than in form. He may have contributed to the purchase price of the bonds, or realty, or other property which is subject to the impost levied by section 450.3(5); and, if he can so prove, the property will be taxed only in proportion to the amount which he did not contribute.

Here, the matter was tried on a stipulation of fact, which said nothing about the respective amounts contributed by Arthur C. Louden and Maude Louden to the purchase of the bonds. There is then no proof that Maude Louden, the survivor, contributed anything to the property she receives, and the entire amount is taxable.

The judgment of the trial court is reversed and the cause remanded for decree and judgment in accordance with this opinion.—Reversed.

The CHIEF JUSTICE and all JUSTICES concur, except LARSON, J., who takes no part.