**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),**

v.

**The ESTATE OF Anna Lo ROBERTS, Deceased, Appellee (Respondent Below).**

No. 59A01–9011–CV–463.

Court of Appeals of Indiana, First District.

May 30, 1991.

Linley E. Pearson, Atty. Gen., Douglas J. DeGlopper, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

James C. Tucker, Tucker and Tucker, Paoli, for appellee.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division (Department)

---

appeals the denial of its Petition for Rehearing, Reappraisal and Redetermination of Inheritance and Transfer Tax regarding the Estate of Anna Lo Roberts (Roberts). We affirm.

### ISSUE

Was the evidence sufficient to support the trial court's determination that Walter Groomer (Groomer), the surviving owner of certain real property held jointly with Roberts, proved one-half of the value of that property belonged to him and thus was excludable from inheritance and transfer tax?

### FACTS

The facts relevant to this controversy are largely undisputed. Roberts was sixty-seven (67) years old when she died on January 20, 1987. Her will was duly admitted to probate on March 11, 1987, and Groomer, Roberts' friend, was appointed as personal representative of her estate. Groomer filed an Inventory and Schedule of All Property with the court.

Soon after certain proceedings commenced regarding the establishment of a testamentary trust, none of which are relevant to this appeal, Groomer passed away. Steven L. Owen (Owen) was appointed as administrator of Roberts' will and filed his Amended Schedule of All Property on December 22, 1989. Among the items not listed previously on Groomer's original schedules was a parcel of real estate, conveyed in September of 1981 by a warranty deed from Marion L. Hagan to Roberts and Groomer as joint tenants with the right of survivorship. The realty was valued at fifty-nine thousand six hundred thirty dollars ($59,630.00); however, only one-half of this value, or twenty-nine thousand eight hundred fifteen dollars ($29,815.00), was included as a taxable transfer for inheritance and transfer tax purposes.

The Department contested this treatment of the property, and filed a Petition for Rehearing, Reappraisal and Redetermination of Inheritance and Transfer Tax on March 30, 1990. The Department claimed Groomer failed to substantiate his claim of contribution toward one-half of the real estate's value, and thus the entire value of the property was subject to inheritance and transfer tax.

A hearing on the Department's motion was held on August 9, 1990. A copy of the warranty deed transferring the real estate to Roberts and Groomer jointly was entered into evidence by stipulation of both parties. No witnesses were called, but counsel for both parties presented oral argument on the record. After taking the matter under advisement, the trial court denied the Department's Petition on August 10, 1990.

The Department now appeals the denial of its petition.

### DISCUSSION AND DECISION

At issue in this case is the application and interpretation of two (2) Indiana inheritance tax statutes. Designed to tax the privilege of succeeding to property rights of deceased persons, the Indiana inheritance tax statutes impose a tax only on the interest taken by the transferee and not on the property itself. *Indiana Department of State Revenue, Inheritance Tax Division v. Puett* (1982), Ind.App., 435 N.E.2d 298, 301, *trans. denied.* This is true in cases of joint tenancies with rights of survivorship as well as in cases of other transfers. *State v. George* (1980), 273 Ind. 26, 29, 401 N.E.2d 680, 683.

IND.CODE § 6–4.1–2–4, provides as follows:

"(a) The inheritance tax applies to the following types of property interest transfers:

(5) those jointly held property transfers described in section 5 of this chapter...."

Section five provides:

"If property is held by two (2) or more individuals jointly with rights of survivorship, the exercise of the rights of the surviving joint owner or owners to the immediate ownership or possession and enjoyment of the property upon the death of one (1) of the joint owners is a transfer to which the inheritance tax ap-

plies. The value of the property so transferred equals the remainder of (1) the total value of the jointly held property, minus (2) the value of that portion of the jointly held property which the surviving joint owner or owners prove belonged to him or them."

IND CODE § 6–4.1–2–5. These statutes clearly place the burden on Groomer, the surviving joint tenant, to prove that one-half of the jointly held property "belonged to him". However, as to what type and how much evidence is sufficient to carry this burden, the statutes are silent.

The Department claims the warranty deed conveying the parcel of real estate to Roberts and Groomer as joint tenants, standing alone, is insufficient to carry this burden. In support of its position, the Department cites *George, supra.* In *George,* Herman Goepp held title to certain real estate handed down from his parents. The property was conveyed by strawmen to Herman and his sister, Elsie George, as joint tenants with the right of survivorship. Although no consideration was specified in the deed, Elsie stated in an uncontroverted affidavit that she and Herman always treated the property as though it belonged to each of them, that she paid taxes on one-half of the farm income, and that she helped with the farm and its upkeep. The statute in effect at that time, the predecessor to I.C. § 6–4.1–2–5, required the surviving joint tenant prove the part of the jointly held property to be excepted from the inheritance tax "originally belonged to him ... and never ... belonged to the decedent." IND.CODE § 6–4–1–1 (Burns 1971). Although the property originally belonged to the decedent, our supreme court found a sufficient factual basis that Elsie gave good and valuable consideration for her one-half interest. The court thus held that there was no taxable transfer of the one-half interest of the jointly held property belonging to Elsie, and that the trial court properly excluded it from the inheritance tax determination.

The Department also urges us to follow *In re Louden's Estate* (1958), 249 Iowa 1393, 92 N.W.2d 409. In *Louden,* certain United States government bonds were placed in joint tenancy between a husband and wife. Construing a statute similar to I.C. § 6–4.1–2–5, the Iowa court stated the burden rested on the wife to show what belonged to her prior to her husband's death, and she must demonstrate what property was hers "in substance rather than form". *Id.* at 1402, 92 N.W.2d at 409. Absent evidence of the amount actually contributed by the wife towards the purchase of the bonds, the court held the entire value of the bonds was subject to inheritance tax.

We find the facts of *George* and *Louden* to be distinguishable from the present case. By virtue of the 1981 conveyance, Roberts and Groomer each acquired an undivided one-half interest in the real estate. Our review of the record reveals that at no time did either Roberts or Groomer have more than an undivided one-half interest in the real estate, and there is no indication that Hagan was a trustee for the purpose of reconveying the property to Roberts and Groomer.

As joint tenants, Roberts and Groomer held the property "by the half and by the whole". *See Clausen v. Warner et al.* (1948), 118 Ind.App. 340, 344, 78 N.E.2d 551, 552, *trans. denied.* Groomer was free to sell or mortgage his interest, but only his interest, to a third party. The same rights and limitations applied to Roberts as well. At Roberts' death, Groomer acquired the other undivided one-half interest, because neither he nor Roberts had disposed of their individual interest during their lives.[1] *See id.* Only one-half of the property's value transferred to Groomer upon Roberts' death; therefore, only one-half of the property's value is subject to inheritance tax.

■ We hold the warranty deed was sufficient evidence to prove that prior to Roberts' death, an undivided one-half interest

---

1. If either Groomer or Roberts had done so, the joint tenancy would have been destroyed and the realty would have been held by a tenancy in common, with no survivorship rights. *See Morgan v. Catherwood* (1929), 95 Ind.App. 266, 167 N.E. 618.

in the subject real estate "belonged" to Groomer.[2] The trial court correctly excluded one-half of the value of the real estate Groomer held jointly with Roberts, and we find no error in the court's denial of the Department's petition.

Affirmed.[3]

ROBERTSON and GARRARD, JJ., concur.

---

**2.** We limit this holding to the facts of this case, and make no determination of whether a greater burden would be required where the original owner of the real estate placed it in joint tenancy with another, a question that is not before us.

**3.** In its reply brief, the Department cites 45 IAC 4–2–1, an accompanying regulation of I.C. 6–4.-1–2–5, which provides:

"Whenever a surviving co-owner of jointly owned real or personal property claims to have made a contribution toward the purchase of such property, such surviving co-owner must furnish the court and the Inheritance Tax Division with proof of all facts relating to the amount alleged to have been contributed by such surviving co-owner. Self-serving declarations, statements, or affidavits made by any interested party will be accorded only the weight which they are entitled to under the rules of evidence in force in the courts of the State of Indiana."

We acknowledge this regulation appears to impose a greater burden on the surviving joint tenant than that required by the statute. However, as we give effect to the regulations only so far as they are consistent with the underlying statute, the requirements of the statute prevail.