**DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant,**

v.

**ESTATE OF Avis HARDY, Appellee.**

No. 09T10–9710–TA–00180.

Tax Court of Indiana.

Dec. 9, 1998.

Jeffrey A. Modisett, Attorney General, Kathryn Symmes Kirk, Andrew L. Hedges, Deputy Attorneys General, Indianapolis, for Appellant.

Donald J. Tribbett, Scott L. Starr, Starr Austen Tribbett & Myers, Logansport, for Appellee.

FISHER, Judge.

The Department of State Revenue (Department) appeals an adverse ruling by the Cass Circuit Court (probate court) denying its petition to redetermine the amount of inheritance tax due. The sole issue to be decided is whether the probate court properly concluded that the surviving joint tenant owed no inheritance tax upon exercising his right of survivorship to real property because he had contributed 100% of the purchase price of the property.

## FACTS AND PROCEDURAL HISTORY

The relevant facts of this case are not in dispute. Dale Hardy and his sister, Avis Hardy, the decedent, owned real property as joint tenants with right of survivorship. Dale had paid 100% of the purchase price of this property. When Avis died on June 16, 1995, her interest passed to Dale.

On August 25, 1995, a supervised estate proceeding was commenced for the decedent's Estate (Estate). On June 17, 1996, the Estate filed its Indiana Inheritance Tax Return with the probate court. According to the return, $12,449.97 in inheritance tax was due. On October 16, 1996, the Department filed a Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax. The petition alleged, inter alia, that Dale owed inheritance tax on the exercise of his survivorship rights to the subject real property. On June 9, 1997, the probate court denied the Department's petition. The instant appeal ensued.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court has jurisdiction to review an appeal from the final determination of a probate court concerning the amount of Indiana inheritance tax due. See IND.CODE ANN. § 6–4.1–7–7 (West Supp.1998). In its review, the Court acts as a true appellate tribunal. See Department of Revenue v. Estate of Phelps, 697 N.E.2d 506, 509 (Ind.Tax Ct.1998). Accordingly, the Court affords the probate court's factual findings a great deal of deference. See id. However, the Court reviews the legal conclusions of the probate court de novo. See id. (citing Haseman v. Orman, 680 N.E.2d 531, 533 (Ind.1997)).

### Discussion

■ The Indiana inheritance tax statutes impose a tax on the privilege of succeeding to certain property rights of deceased persons. See IND.CODE ANN. § 6–4.1–2–1 (West 1989); Estate of Phelps, 697 N.E.2d at 509; Estate of Hibbs v. Department of State Revenue, 636 N.E.2d 204, 207 (Ind.Tax Ct.1994); Department of State Revenue v. Estate of Roberts, 571 N.E.2d 1334, 1335 (Ind.Ct.App. 1991). The tax is imposed, not on the property itself, but rather on the transfer of ownership of the property. See Estate of Hibbs, 636 N.E.2d at 207; Estate of Roberts, 571 N.E.2d at 1335. One transfer subject to

Indiana inheritance tax is the exercise of survivorship rights in cases of jointly held property. *See* IND.CODE ANN. §§ 6–4.1–2–4, –5 (West 1989); *State v. George*, 273 Ind. 26, 401 N.E.2d 680, 683 (1980); *Estate of Roberts*, 571 N.E.2d at 1335. The value, for purposes of the Indiana inheritance tax, of property transferred by the exercise of the right of survivorship "equals the remainder of (1) the total value of the jointly held property, minus (2) the value of that portion of the jointly held property which the surviving joint owner or owners prove belonged to him or them." IND.CODE ANN. § 6–4.1–2–5.

█ The Estate contends that the fact that Dale contributed 100% of the purchase price of the subject property means that 100% of the property "belonged to" him, thereby making his exercise of the right of survivorship not subject to Indiana inheritance tax. The Department argues that prior to the decedent's death, Dale, as a joint tenant, held the property "by the half and by the whole." *Estate of Roberts*, 571 N.E.2d at 1336 (quoting *Clausen v. Warner*, 118 Ind. App. 340, 344, 78 N.E.2d 551, 552 (1948), *trans. denied.*). Consequently, 50% of the subject property "belonged to" the decedent and 50% "belonged to" Dale. Under section 6–4.1–2–5, this means that the transfer of the decedent's interest to Dale would be taxed

based on 50% of the value of the subject property.

The resolution of this dispute turns on the meaning of "belonged to" as it is used in section 6–4.1–2–5. In *George*, the Indiana Supreme Court had occasion to evaluate the operation of IND.CODE § 6–4–1–1 (1971) (repealed 1976),[1] which was a predecessor to section 6–4.1–2–5. In *George*, the decedent received real property from his parents. Fourteen years prior to the decedent's death, the decedent conveyed the property to himself and his sister, Elsie, as joint tenants with right of survivorship. When the decedent died, Elsie exercised her survivorship right and took title to the property in fee simple. Elsie claimed that 50% of the value of the property was not subject to taxation because she had given good and valuable consideration for her one-half interest in the property.

The Indiana Supreme Court agreed. In reaching its conclusion, the *George* Court noted that the inheritance tax law excluded transfers for which good and valuable consideration had been given. *George*, 401 N.E.2d at 683. Therefore, because Elsie had given good and valuable consideration for her one-half interest in the property, the *George* Court held that she was only subject to taxation on 50% of the value of the property.[2]

---

1. Section 6–4–1–1 provided:

All transfers enumerated in this section shall be taxable, if made by will; or if made by statutes regulating intestate descent; or if made in contemplation of death of the transferor, and any transfer of property made by a person within two (2) years prior to death, shall, unless shown to the contrary, be deemed to have been made in contemplation of death; or if made by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor; or if made in payment of a claim against the estate of a deceased person arising from a contract or antenuptial agreement made by him and payable by its terms by will or contract at or after his death; and if any transfer falling under the foregoing provisions is made for valuable consideration, excepting love and affection, so much thereof as is the equivalent in money value of consideration received by the transferor shall not be taxed but the remaining portion shall be.

Whenever property is held in the joint names of two (2) or more persons or is deposited in banks, or other institutions or depositaries in

the joint names of two (2) or more persons and payable to either or the survivor, upon the death of one (1) of such persons, the exercise of the right of the surviving person or persons to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this act in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint owner or joint depositor and had been devised or bequeathed to the surviving person or persons, by such deceased joint owner or joint depositor by will, excepting therefrom such part thereof as may be proved by the surviving joint owner or joint owners to have originally belonged to him or them and never to have belonged to the decedent: Provided, however, that property jointly held shall not be taken to include real estate held by the entireties.

2. The *George* Court also used the fact that Elsie had given good and valuable consideration for her one-half interest to get around some difficult language (which has not been preserved in the current statutory provision) in section 6–4–1–1.

It is important to note that nowhere in the *George* Court's analysis is there any mention of the fact that, at the time of the decedent's death, Elsie held the subject property by the half and by the whole and that half of the property, as a matter of real property law, "belonged to" her.

The *George* Court also went on to state that there was "a great deal of merit" to Elsie's contention that the property "actually did belong to her" prior to the decedent placing the property in his and Elsie's name. *Id.* In reaching this conclusion, the *George* Court noted that Elsie and the decedent lived on the property and "farmed it together as a fifty-fifty proposition" for thirty-two years prior to the time the decedent placed the property in both of their names and that this arrangement continued for another fourteen years until the decedent's death. *Id.* Had the *George* Court only considered real property law, this conclusion would have been impossible because, prior to the conveyance by the decedent to Elsie, the decedent was the sole title holder. Once again, the *George* Court thought it proper to look to the underlying facts and circumstances of the case, rather than the operation of real property law, to analyze the case.

Eleven years after the Indiana Supreme Court's decision in *George,* the Indiana Court of Appeals issued its decision in *Department of State Revenue v. Estate of Roberts,* 571 N.E.2d 1334 (Ind.Ct.App.1991), which discussed the application of the current statutory provision. In *Roberts,* a third party conveyed real property to Roberts (the decedent) and Groomer (the survivor) as joint tenants with rights of survivorship. When the decedent died, the property passed to the survivor. The inheritance tax return only listed half of the value of the property as subject to the inheritance tax. The Department contested this treatment, arguing that the entire value of the property was subject to the inheritance tax because

there was no evidence concerning the contribution of the survivor toward the property.

The *Roberts* Court disagreed. At the outset of its analysis, the *Roberts* Court stated that section 6–4.1–2–5 "clearly placed the burden on [the survivor] to prove that one-half of the jointly held property 'belonged to him.'" *Id.* at 1336. In addition, the *Roberts* Court observed that section 6–4.1–2–5 is silent as to "what type and how much evidence is sufficient to carry this burden." *Id.*

The *Roberts* Court then examined the nature of the joint tenants' interests in the property as a matter of real property law. As joint tenants, the decedent and the survivor each held the property "by the half and by the whole." *Id.* Both the decedent and the survivor were free to sell or mortgage their respective one-half interest to a third party. Because neither party had done so, the survivor acquired the property in fee simple upon the decedent's death. Accordingly, "[o]nly one-half of the property's value transferred to [the survivor] upon [the decedent]'s death; therefore, only one-half of the property's value [was] subject to inheritance tax." *Id.* The *Roberts* Court then held that the warranty deed evidencing the conveyance was sufficient to establish that prior to the decedent's death, "an undivided one-half interest in the subject real estate 'belonged to' [the survivor]." *Id.* at 1336–37.

In finding that only one half of the value of the property was subject to tax, the Court of Appeals looked to real property law to determine what portion of the property "belonged to" the surviving owner. This creates some tension with the Supreme Court's analysis in *George* because the *George* Court did not look to real property law, but rather the facts and circumstances of the case, in order to determine how much of the jointly held property "belonged to" the survivor. Perhaps sensing the tension between *Roberts* and *George,* the *Roberts* Court distinguished *George* in that in *George,* the decedent had previously owned the property in fee simple

Section 6–4–1–1 provided that, in order for a portion of the value of jointly held property to escape taxation, the survivor would have to prove that the portion to be excluded from taxation never belonged to the decedent. This was a problem under the facts in *George* because at one

time the decedent owned the subject property in fee simple. However, the *George* Court concluded that this part of section 6–4–1–1 had to be read in conjunction with the part of section 6–4–1–1 that exempted transfers made for good and valuable consideration.

and reconveyed the property to himself and the surviving joint tenant. *Id.* at 1336. The *Roberts* Court also limited its holding to the facts of the case. *Id.* at 1337 n. 2.

This particular case is not on all fours with either *George* or *Roberts*. As a result, this Court does not have the liberty of simply following either *George* or *Roberts*, assuming, of course, that *Roberts* is not inconsistent with *George*. Instead, this Court must choose between looking to the factual circumstances of this case and looking to the formalities of real property law to determine how much of the property at issue in this case "belonged to" Dale.

At the outset of its analysis, this Court notes that there are two basic situations with respect to jointly held real property and the inheritance tax. The first is where the joint owners contribute towards the purchase of the jointly owned property; the other is where a owner of property in fee simple reconveys the property, either for consideration or not, to himself and someone else as joint tenants with rights of survivorship. The *Roberts* Court recognized this distinction when it distinguished *George*. However, the *Roberts* Court did not state why, if at all, the distinction was important and why the meaning of "belonging to" would change based on the how the property came to be held jointly with rights of survivorship.

■ The Department regulation currently [3] in force does not seem to make any distinction between the factual situation presented in *George* and the factual situation presented in *Roberts* with respect to determining what portion of the jointly held property "belonged to" the surviving owners.

IND. ADMIN. CODE tit. 45, r. 4.1–2–9(a) (1996) provides:

> The inheritance tax applies to the exercise of the rights of survivorship upon the death of (1) joint tenant of property held or deposited in joint names with rights of survivorship. Except to the extent that contribution can be shown by the surviving joint owner, the tax is imposed on the total value of the property.

Under this regulation, the surviving joint owner's contribution is the measure of how much of the property "belongs to" the surviving joint owner. Therefore, under the regulation, because Dale contributed 100% of the purchase price of the property (and the decedent gave no consideration for her share in the property), Dale's exercise of his survivorship right triggered no inheritance tax.[4]

The Department has the statutory authority to issue regulations interpreting the inheritance tax laws of this state. *See* IND.CODE ANN. § 6–4.1–12–6(5) (West 1989). Regulations promulgated under this authority have the force of law. *See Estate of Phelps*, 697 N.E.2d at 510 (citing *Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 544 (Ind.Tax Ct.1995)). However, the Department has no authority to issue regulations that "add to the law as enacted or extend its powers." *Department of State Revenue v. Bulkmatic Transp. Co.*, 648 N.E.2d 1156, 1160 (Ind.1995) (citing *Johnson County Farm Bureau Coop. v. Department of State Revenue*, 568 N.E.2d 578, 587 (Ind. Tax Ct.1991), *aff'd*, 585 N.E.2d 1336 (Ind. 1992)). In addition, the Department may not adopt a regulation that is out of harmony with a statutory provision. *See C & C Oil Co. v. Department of State Revenue*, 570 N.E.2d 1376, 1381 (Ind.Tax Ct.1991) (citing

---

**3.** At the time *Roberts* was decided, a different regulation was in force. This regulation implicitly recognized the purchase/reconveyance distinction:

> Whenever a surviving co-owner of jointly owned real or personal property claims to have made a contribution toward the *purchase of such property,* such surviving co-owner must furnish the court and the Inheritance Tax Division with proof of all facts relating to the amount alleged to have been contributed by such surviving co-owner.

IND. ADMIN. CODE tit. 45, r. 4–2–1 (1992) (emphasis added) (repealed 1994) (codified in present form

at IND. ADMIN. CODE tit. 45, r. 4.1–2–9 (1996)). The regulation then in effect gave no indication of how the situation presented in *George* was to be treated under the inheritance tax laws.

**4.** The Court notes that this regulation, unlike its predecessor, does not specifically mention that it applies to real property. This is of little concern. The Department's intent that the regulation apply to all jointly held property, real and personal, is evidenced by the fact that the regulation interprets section 6–4.1–2–5, a provision that applies to both real and personal property.

*Hutchison v. State Bd. of Tax Comm'rs,* 520 N.E.2d 1281, 1283 (Ind.Tax Ct.1988)).

Under section 6–4.1–2–5, the measure of the taxability of the exercise of survivorship rights is the value of the property minus the value of the portion of the property that "belonged to" the survivor. By adopting IND. ADMIN. CODE tit. 45, r. 4.1–2–9(a), the Department has interpreted this statutory provision as incorporating a contribution rule. Under the contribution rule, the inheritance tax is imposed on the full value of the property, except to the extent that the surviving joint owner can show contribution.[5]

It is difficult to derive the Department's interpretation, in adopting IND. ADMIN. CODE tit. 45, r. 4.1–2–9(a), of section 6–4.1–2–5 from the plain language of that statutory provision. An interest in real property belongs to its owner, whether the owner made a contribution or not.[6] Therefore, under a strict, literal reading of section 6–4.1–2–5, Dale's exercise of his right of survivorship should be taxed at 50% of the property's value because only 50% of the property belonged to him prior to the decedent's death.

■ However, in this instance, the Court cannot adhere to such a strict reading of section 6–4.1–2–5. It is axiomatic that "[t]he legislative intent as ascertained from an act as a whole will prevail over the strict literal meaning of any word or term used therein." *State Natural Resources Comm'n v. AMAX Coal Co.,* 638 N.E.2d 418, 429 (Ind.1994); *see also Indiana Eby–Brown v. Department of State Revenue,* 648 N.E.2d 401, 403 (Ind.Tax Ct.1995). It is well-settled that in adopting the inheritance tax scheme the Indiana General Assembly intended to tax transfers that take effect upon a decedent's death. *See George,* 401 N.E.2d at 683. Therefore, any interpretation of "belongs to," as it is used in section 6–4.1–2–5, must take into account this obvious legislative intent. *See Mechanics Laundry & Supply, Inc. v. Department of State Revenue,* 650 N.E.2d 1223, 1228 (Ind. Tax Ct.1995).

In addition, when the General Assembly adopted section 6–4.1–2–5, it is presumed to have been aware of the Supreme Court's decision in *George. See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954, 957–58 (Ind.Tax Ct.1997), *review denied* (citing *Moses v. Cober,* 641 N.E.2d 668, 670–71 (Ind.Ct.App.1994); *Pea v. Pea,* 498 N.E.2d 110, 114 (Ind.Ct.App.1986); *Hahn v. Moore,* 127 Ind.App. 149, 133 N.E.2d 900, 903–04 (1956)). Accordingly, any interpretation of section 6–4.1–2–5 must bear this in mind as well.

In general, when a joint tenant exercises a right to survivorship, a taxable transfer occurs. *See* IND.CODE ANN. § 6–4.1–2–4. For inheritance tax purposes, the value of this transfer must be measured. If the value of this transfer were measured by simply examining the interests of the joint owners immediately preceding the death of the decedent, some interesting results would occur. First, survivors who had previously received a joint interest with a right of survivorship without giving anything in return for that interest would escape taxation on one-half of the value of the property. This result is impossible to square with *George,* which predicated the exclusion of one-half the value of the property at issue on the survivor giving good and valuable consideration for her joint interest. Second, as this case demonstrates, adhering to this interpretation of the law would lead to the obvious inequity of a survivor paying inheritance tax on succeeding to something he purchased.

■ The Department, in adopting IND. AD-MIN. CODE tit. 45, r. 4.1–2–9(a), recognized these problems and concluded that the rule of contribution was the best way to measure the taxability of these death transfers. In so doing, the Department did not contravene section 6–4.1–2–5. Accordingly, the Court holds that the taxability of the exercise of survivorship rights to all property is to be

---

5. The survivor's contribution is not limited to his or her contribution towards the purchase of the property. As the *George* case demonstrates, a survivor may give good and valuable consideration for a reconveyance.

6. *But cf.* IND.CODE ANN. § 32–4–1.5–3 (West 1979) (joint bank account, during lifetimes of all parties, belongs to each in proportion to contribution).

measured by the contribution of the survivor to the property. In this case, the parties stipulated that Dale contributed 100% of the purchase price of the subject property. There is also no evidence that the decedent contributed anything for her joint interest. Therefore, as the probate court correctly concluded, Dale's exercise of his right of survivorship incurred no Indiana inheritance tax.

**CONCLUSION**

For the foregoing reasons, the probate court is affirmed.