**DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant,**

v.

**ESTATE OF Carolyn Hunt PHELPS, Appellee.**

No. 89T10–9609–TA–00116.

Tax Court of Indiana.

July 2, 1998.

---

**508**

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Symmes Kirk, Deputy Attorney General, Indianapolis, for appellant.

Gary L. Chapman, Bose McKinney & Evans, Indianapolis, for appellee.

FISHER, Judge.

The Department of Revenue (Department) appeals an adverse ruling by the Wayne Superior Court (probate court) denying its petition to redetermine the amount of Indiana inheritance tax due. The issue to be decided is whether the Estate made a proper qualified terminable interest property (QTIP) election. *See* IND.CODE ANN. § 6–4.1–3–7 (West 1989).

## FACTS AND PROCEDURAL HISTORY

The parties stipulated to the relevant facts in the probate court. Carolyn Hunt Phelps (decedent) died testate on December 3, 1994. The decedent was survived by her spouse, James M. Phelps, and her children. On December 30, 1994, an unsupervised estate proceeding was commenced for the decedent. Under the terms of the decedent's will, her interest in her tangible personal property and her interest in the marital residence passed to her spouse. A residuary clause in the will passed the remainder of her assets into a revocable trust.

Under the terms of the revocable trust agreement, her spouse received $200,000. The rest of the assets were divided into two trusts, one entitled "Marital Deduction Trust A" (marital trust) and the other entitled "Non–Marital Deduction Trust B" (non-marital trust). The marital trust granted income for life (life estate) to the spouse with a power to invade the corpus for purposes of care, comfort and maintenance for the spouse, and the remainder to the children.

On July 17, 1995, the Estate filed an Indiana Inheritance Tax Return showing a total tax due of $11,403. Attached to this return were the decedent's will and the revocable trust agreement. The return did not have an attached QTIP election form as prescribed by Department regulations. *See* IND.ADMIN.CODE tit. 45, r. 4.1–3–5(b)(4) (1996). On July 27, 1995, the probate court entered its order determining the Indiana inheritance tax due to be $11,403. Although the record is unclear on this point, it appears that this tax liability was paid soon thereafter. In any event, this tax liability is not an issue in this appeal. On November 20, 1995, after the Department audited the return, the Department filed a "Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax" with the probate court to have the probate court reconsider its order. In its petition, the Department contended that an additional $11,193.08 of inheritance tax was due because some of the remainder interests transferred to the children were not included in the calculation of the inheritance tax. On November 27, 1995, the Estate made a payment of $10,451.59 to the Wayne County Treasurer toward this alleged additional tax liability.[1]

On November 29, 1995, the Estate filed a second inheritance tax return prior to the twelve-month period after a decedent's death in which an inheritance tax return must be filed. *See* IND.CODE ANN. § 6–4.1–4–1(a)

---

1. The Estate was credited with a payment of $11,001.67 due to the statutory 5% discount received for payment of inheritance tax within one year of the decedent's death. *See* IND.CODE ANN § 6–4.1–9–2 (West 1989).

(West 1989). This tax return was identical to the initial tax return except that it increased the value reported for the spousal residence and also included an attachment entitled "QTIP election." This "QTIP election" was in a form prescribed by the regulation. On May 30, 1996, the probate court denied the Department's petition and ordered the refund of the $10,451.59 (plus interest) paid by the Estate. This appeal ensued.

## ANALYSIS AND OPINION

### Standard of Review

 This Court has jurisdiction to review appeals from the final determination of a probate court concerning the amount of Indiana inheritance tax due. *See* IND.CODE ANN. § 6–4.1–7–7 (West Supp.1997). In its review, the Court acts as a true appellate tribunal. *See Estate of Hibbs v. Department of State Revenue*, 636 N.E.2d 204, 206 (Ind. Tax Ct.1994). Accordingly, this Court will afford the probate court a great deal of deference in its role as the finder of fact. *See* IND.T.R. 52(A). However, this Court reviews the legal conclusions of the probate court de novo. *See Haseman v. Orman*, 680 N.E.2d 531, 533 (Ind.1997).

### Discussion

 "An inheritance tax is imposed at the time of a decedent's death on certain property transfers made by him." IND.CODE ANN. § 6–4.1–2–1 (West 1989). This tax is based on the fair market value of the property interest on the date of the decedent's death or on the date used for valuation of the property interest for federal estate tax purposes. *See id.* § 6–4.1–5–1.5. If a beneficiary receives less than a fee interest in the property transferred by reason of a decedent's death (e.g., a life estate or a future interest), the fair market value of that interest is calculated by using actuarial tables. *See id.* § 6–4.1–6–1 (West Supp.1997); *Estate of Hibbs*, 636 N.E.2d at 207.

 Property interests that pass from a decedent to a surviving spouse are exempt from the Indiana inheritance tax. *See* IND. CODE ANN. § 6–4.1–3–7(a) (West 1989). Therefore, when a decedent spouse transfers a life estate in property to the surviving spouse, no tax is due on that transfer. However, the transfer of the remainder interest is ordinarily subject to tax. This tax may be avoided (or, more accurately, postponed) by making the QTIP election. *See id.* § 6–4.1–3–7(c). The QTIP election allows a decedent to transfer a "qualifying income interest for life"[2] to a surviving spouse while exempting the transfer of the remainder to other beneficiaries from Indiana inheritance tax. The surviving spouse has a qualifying income interest for life if "he/she is entitled to all of the income for life, and if, during his/her lifetime, no one has the power to appoint any part of the property to any person other than him/her." *Estate of Hibbs*, 636 N.E.2d at 207.

 The net effect of the QTIP election is to defer the payment of the Indiana inheritance tax until the death of the surviving spouse. *See* IND.CODE ANN. § 6–4.1–2–4(d) (West 1989); *Estate of Hibbs*, 636 N.E.2d at 207. Section 6–4.1–2–4(d) provides in relevant part:

If at the time of death a surviving spouse has been entitled to income from a property interest that was the subject of a previous transfer exempt from inheritance tax under IC 6–4.1–3–7(b) or IC 6–4.1–3–7(c), then the value of the property interest at the time of death of the surviving spouse is subject to the inheritance tax as if it were a transfer of property owned by the surviving spouse.

In other words, when the surviving spouse dies, the surviving spouse's qualifying income interest for life is treated as a fee interest for purposes of determining the inheritance tax due upon its transfer to the remaindermen. Thus, "the remainderm[e]n will pay the inheritance tax[3] on the value of the entire

---

2. Indiana ties its definition of a QTIP to that provided in the Internal Revenue Code. *See* IND.CODE ANN § 6–4.1–3–7(c).

3. *See* IND CODE ANN. § 6–4.1–8–1 (West 1989); *In re Estate of Saylors*, 671 N.E.2d 905, 908 (Ind.Ct. App.1996).

property at the date of death of the surviving spouse." *Estate of Hibbs*, 636 N.E.2d at 207. Therefore, if .the Estate made a proper QTIP election, the probate court properly denied the Department's petition because the transfers of the remainder interests to the children were properly excluded from the calculation of inheritance tax due.

■■■ QTIP treatment does not happen automatically. In order to obtain QTIP treatment, the person filing an inheritance tax return must elect QTIP treatment. *See id.* This election must be in writing and it must "manifest an affirmative, unequivocal intent to elect Indiana QTIP treatment." *See id.* at 209. As this Court pointed out in *Estate of Hibbs*, the statutory provision does not explain "what documents can, and what documents cannot, be used as an attached writing for purposes of IC 6–4.1–3–7(d)." *Id.* at 207. However, the Department has adopted a regulation that was in effect at the time of the decedent's death detailing exactly what must be done in order to make the QTIP election. IND.ADMIN. CODE tit. 45, 4.1–3–5(b)(4). That regulation provides:

> The [Indiana QTIP] election must be in form and content substantially as follows: Pursuant to IC 6–4.1–3–7, an election is hereby made to treat the following property passing from the decedent in which the surviving spouse has a qualifying income interest for life as a property interest which a decedent transfers to a decedent's surviving spouse.
>
> Qualified Property Percentage
>
> _____ _____
> _____ _____
>
> It is understood that this QTIP election is irrevocable and cannot be reversed.
> Signature _____
> Title _____

This regulation was issued pursuant to the Department's statutory authority under IND. CODE ANN. § 6–4.1–12–6(5) (West 1989), and this regulation has the force of law. *See*

*Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 544 (Ind. Tax Ct.1995).

■■■ In this case, the Estate did not attach such a writing to the first inheritance tax return (filed July 17, 1995). Instead, the Estate attached a copy of the will and the revocable trust agreement to that return. This does not satisfy the requirements of the regulation. Consequently, the Court holds that the Estate did not make a proper QTIP election on the first inheritance tax return it filed.[4]

■■■ The second inheritance tax return (filed November 29, 1995) did have a proper QTIP election attached to it. However, the Estate runs into a different obstacle in the regulation dealing with QTIP elections: "The election must be in writing, signed by a person authorized to make the election, and *attached to the original Indiana inheritance tax return at the time it is filed.*" IND.AD-MIN. CODE tit. 45, r. 4.1–3–5(b)(3) (1996) (emphasis added). The regulation also provides that the failure to comply with the regulation "means that an irrevocable election has been made not to treat the transfer as a QTIP transfer." *Id.* r. 4.1–3–5(e).

The Estate argues that because the term "original Indiana inheritance tax return" is undefined in the regulation, the Court should construe the regulation in accordance with the federal regulations governing QTIP elections so as to allow the second Indiana inheritance tax return the Estate filed to supplement the first one. Under the Indiana regulation governing QTIP elections, a QTIP election "cannot be made on an amended inheritance tax return." *Id.* r. 4.1–3–5(c). This would seem to spell doom for the Estate's position. However, the Estate cleverly argues that its second return was not an amended inheritance tax return, but rather a supplemental inheritance tax return. According to the Estate, the difference between a supplemental return and an

---

**4.** This Court's decision in *Estate of Hibbs* does not require a contrary result. In *Estate of Hibbs*, 636 N.E.2d at 210, this Court held that *"absent a regulation providing for a specific method by which to make the QTIP election,"* the personal representative may do so by "attaching a will or

trust [agreement] that unequivocally communicates [the] intent" to make the QTIP election to the inheritance tax return. At the date of the decedent's death, there was a specific regulation instructing taxpayers how to make the QTIP election.

amended return is that a supplemental return is filed before the due date of the return and an amended return is filed after the due date of the return. Because the Estate filed the second return before the due date, in the Estate's view, it is a supplemental return and therefore (with a generous interpretation of "original Indiana inheritance tax return") part of the original inheritance tax return.

■ Despite the cleverness of the Estate's argument, the Court finds that the intent of the regulation cannot be thwarted by a mere name change. Whether the second return filed by the Estate in this case is called a supplemental return or amended return does not alter the clear import of the regulation, which is to make the failure to attach a QTIP election to the initial inheritance tax return an election "not to treat the transfer as a QTIP transfer." *Id.* r. 4.1–3–5(e). Therefore, an Estate cannot cure a failure to attach a QTIP election to the initial inheritance tax return it files by filing subsequent inheritance tax returns containing a QTIP election.

The Court is not without sympathy for the Estate's position. The Department's regulation appears to be unnecessarily inconsistent with federal regulations governing federal estate tax returns. Additionally, there would appear to be no harm in allowing amended returns filed before the due date to add a QTIP election. The Court also notes that

one subsection of the regulation (not at issue in this case) is inconsistent with the statutory provision. Section 6–4.1–3–7(d) clearly contemplates the possibility that a QTIP election may be made without the filing of an Indiana inheritance tax return. However, under the regulation an inheritance tax return is required if a QTIP election is made. *Id.* r. 4.1–3–6(d). In addition, the regulation does not prohibit QTIP treatment when the initial inheritance tax return is filed after the due date. In other words, late filed initial returns are treated more favorably than timely filed amended returns.

That said, it is not this Court's function to substitute its will for that of the Department. The Department has issued a valid regulation. Consequently, this Court may do nothing other than to enforce the regulation as it is written.

## CONCLUSION

For the foregoing reasons, the decision of the probate court is REVERSED, and this case is REMANDED to the probate court with instructions to enter judgment in favor of the Department and against the Estate.