The ESTATE OF Theodore F. HAGERMAN, Appellant,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Appellee.

No. 02T10–0106–TA–41.

Tax Court of Indiana.

June 28, 2002.

Stephen J. Williams, Nathan S.J. Williams, Shambaugh, Kast, Beck & Williams, LLP, Fort Wayne, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Kathryn Symmes Kirk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

FISHER, J.

The Estate of Theodore F. Hagerman (Estate) appeals the Allen Superior Court's (probate court) order redetermining inheritance tax and disallowing a Qualified Terminable Interest Property (QTIP) exemption for a trust. The Indiana Department of Revenue (Department) cross appeals the probate court's allowance of certain deductions on the Estate's inheritance tax return. The parties raise the following issues on appeal, which the court restates as:

I. whether the probate court erred in determining that the Estate did not make a valid QTIP election; and

II. whether the probate court erred by allowing the Estate to take deduc-

tions for certain items on the Indiana inheritance tax return that it might later take on the Indiana fiduciary tax return.

The Court AFFIRMS the probate court's decision.

## FACTS

The relevant facts are not in dispute. In 1997, Theodore F. Hagerman funded the Theodore F. Hagerman 1997 Revocable Trust (1997 Trust). On January 31, 1999, Theodore died testate. He was survived by his spouse, Dorothy Hagerman. On January 31, 2000, the Estate filed its Indiana inheritance tax return. A written Schedule of Beneficiaries was attached to the Return. On the Schedule, listed to the right of Dorothy's name is, among other things, "Theodore F. Hagerman 1997 Rev. Trust [Sched. E, Item 6] QTIP Election" with a value listed of $602,398.00. (App. at 76.)

On March 6, 2000, the probate court entered an order determining the inheritance tax due, which allowed the QTIP exemption for the Trust remainder and certain deductions for expenses incurred in administering the property subject to inheritance tax. After an audit of the inheritance tax return, the Department filed a Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax in the probate court stating that additional inheritance tax of $24,940.13 was due because the Estate did not make a valid QTIP election and improperly deducted certain expenses on the inheritance tax return. Following a hearing, the probate court issued an order redetermining the inheritance tax due, disallowing the QTIP exemption, and allowing the deductions at issue.

On April 20, 2001, the Estate filed its notice of appeal. Oral argument was held on November 26, 2001. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

 This Court has jurisdiction to review an appeal from a probate court's redetermination of the amount of Indiana inheritance tax due. IND.CODE § 6–4.1–7–7. In this type of case, the Court acts as a true appellate tribunal. *Department of State Revenue, Inheritance Tax Div. v. Estate of Phelps*, 697 N.E.2d 506, 509 (Ind. Tax Ct.1998); *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Riggs*, 735 N.E.2d 340, 342 (Ind. Tax Ct.2000). Consequently, this Court will affirm the probate court's judgment upon "any legal theory supported by evidence introduced at trial." *Estate of Hibbs v. Indiana Dep't of State Revenue, Inheritance Tax Div.*, 636 N.E.2d 204, 206 (Ind. Tax Ct.1994) (citations and internal quotations omitted). This Court will reverse the probate court's judgment if there is no substantial evidence of probative value to support the judgment or if the judgment is contrary to law. *Id.* The Court will not reweigh the evidence, nor will it assess the credibility of the witnesses. *Id.*

### Discussion

#### I. QTIP Election

The first issue is whether the probate court erred in determining that the Estate did not make a valid QTIP election. The Estate argues that it made a valid QTIP election because it substantially complied with the requirements of the regulation governing QTIP elections. *See* IND. ADMIN. CODE tit. 45, r. 4.1–3–11 (1996). The Department contends that the Estate did not comply with the requirements of the QTIP statute or regulation, and therefore, owes

additional inheritance tax. *See* IND.CODE § 6–4.1–3–7; 45 IAC 4.1–3–11.

In Indiana, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property interest transfers made by him." IND.CODE § 6–4.1–2–1(a) (West 2000). The inheritance tax is based on the fair market value of the property interest on the date of the decedent's death or on the date used for valuation of the property interest for federal estate tax purposes if a federal return was filed. IND.CODE § 6–4.1–5–1.5. Actuarial tables are used to calculate the fair market value of an interest if a beneficiary receives less than a fee interest, such as a life estate or a future interest, in the property transferred. IND. CODE § 6–4.1–6–1 (West 2000).

■■■ A property interest that is passed from a decedent to a surviving spouse is exempt from the Indiana inheritance tax. IND.CODE § 6–4.1–3–7(a) (West 2000). Therefore, when a decedent spouse transfers a life estate in property to the surviving spouse, no tax is due on that transfer. IND.CODE § 6–4.1–3–7(b); *Estate of Phelps*, 697 N.E.2d at 509. However, the transfer of the remainder interest is ordinarily subject to tax. *Estate of Phelps*, 697 N.E.2d at 509. This tax on the remainder may be postponed by making the QTIP election. IND.CODE § 6–4.1–3–7(c). The QTIP election allows a decedent to transfer a "qualifying income interest for life" to a surviving spouse while exempting from Indiana inheritance tax the transfer of the remainder to other beneficiaries. *Estate of Phelps*, 697 N.E.2d

at 509. A surviving spouse has a qualifying interest for life if "he/she is entitled to all of the income for life and if, during his/her lifetime, no one has the power to appoint any part of the property to any person other than him/her." [1] *Estate of Hibbs*, 636 N.E.2d at 207 (citing 26 U.S.C. § 2056(b)(7)(B)(i)).

■■■ As a result of making a QTIP election, the payment of the Indiana inheritance tax is postponed until the surviving spouse dies. IND.CODE § 6–4.1–2–4(d) (West 2000) [2]; *Estate of Hibbs*, 636 N.E.2d at 207. When the surviving spouse dies, his qualifying income interest for life is treated as a fee interest for purposes of determining the inheritance tax due upon its transfer to the remaindermen. I.C. § 6–4.1–2–4(d). Consequently, "the remaindermen will pay the inheritance tax on the value of the entire property at the date of death of the surviving spouse." *Estate of Hibbs*, 636 N.E.2d at 207. *See also* IND. ADMIN. CODE tit. 45, r. 4.1–2–8 (1996).

■■■ QTIP treatment is not automatic. To achieve QTIP treatment, the person filing an inheritance tax return is required to make an election. I.C. § 6–4.1–3–7. This election must be in writing and it must "manifest an affirmative, unequivocal intent to elect Indiana QTIP treatment." *Estate of Hibbs*, 636 N.E.2d at 209. The statute governing the election provides in relevant part:

(c) The personal representative of the decedent's estate or the trustee or trans-

---

1. The Indiana statute defines the term "qualifying interest for life" pursuant to Section 2056(b)(7) of the Internal Revenue Code. IND. CODE § 6–4.1–3–7(c) (West 2000).

2. Section 6–4.1–2–4(d) provides in relevant part:
 If at the time of death a surviving spouse has been entitled to income from a property

interest that was the subject of a previous transfer exempt from inheritance tax under IC 6–4.1–3–7(b) or IC 6–4.1–3–7(c), then the value of the property interest at the time of death of the surviving spouse is subject to the inheritance tax as if it were a transfer of property owned by the surviving spouse. IND.CODE § 6–4.1–2–4(d).

feree of property transferred by the decedent may, for the purpose of the exemption established by subsection (a), elect to treat property passing from the decedent in which the surviving spouse has a qualifying income interest for life as a property interest which a decedent transfers to his surviving spouse. For purposes of this section, "qualifying income interest for life" means a qualifying income interest for life (as defined in Section 2056(b)(7) of the Internal Revenue Code).

(d) The election referred to in subsection (c) shall be made in writing and shall be attached to the inheritance tax return, if one is required to be filed. The election, once made, is irrevocable.

I.C. § 6–4.1–3–7(c) & (d). The Department has promulgated a regulation that sets forth specifically what must be done in order to make a valid QTIP election. IND. ADMIN. CODE tit. 45, r. 4.1–3–5(b)(4). The regulation requires that the election specifically state which property is being elected and that the election be in writing, signed by the authorized person, and attached to the original inheritance tax return when it is filed. *Id.* More specifically, that regulation provides in relevant part:

\* \* \* \*

(4) The [Indiana QTIP] election must be in form and content substantially as follows:

Pursuant to IC 6–4.1–3–7, an election is hereby made to treat the following property passing from the decedent in which the surviving spouse has a qualifying income interest for life as a property

interest which a decedent transfers to a decedent's surviving spouse.

| Qualified Property | Percentage |
| --- | --- |
| | |
| | |

It is understood that this QTIP election is irrevocable and cannot be reversed. Signature _____
Title _____

\* \* \*

■ (e) The failure to comply with subsection (b) as to any property that would qualify under Section 2056(b)(7) of the Internal Revenue Code means that an irrevocable election has been made not to treat the transfer as a QTIP transfer. 45 IAC 4.1–3–5(b)(4). This regulation was issued pursuant to the Department's statutory authority under Indiana Code Section 6–4.1–12–6(5),[3] and has the force of law. *Estate of Phelps,* 697 N.E.2d at 510; *Roehl Transp., Inc. v. Dep't of State Revenue,* 653 N.E.2d 539, 544 (Ind. Tax Ct.1995).

■ In this case, the Estate did not attach a written election to the inheritance tax return that was substantially similar in form and content to that set forth by the regulation. The only indication that the Estate wanted to make a QTIP election was written on a "Schedule of Beneficiaries" that was attached to the Estate's inheritance tax return. (App. at 76.) In a column to the right of "Dorothy M. Hagerman" on the Schedule, among other things, was written "Theodore F. Hagerman 1997 Rev. Trust [Sched. E, Item 6] QTIP Election." (App. at 76.) In a column, farther to the right was written the amount of $602,398.00.

---

**3.** This statute provides in relevant part:
The department of state revenue:

\* \* \* \*

(5) shall promulgate any rules or regulations which are necessary for the interpretation or enforcement of this article [on death taxes.]
IND.CODE § 6–4.1–12–6.

The Estate argues that it substantially complied with the regulation by writing "QTIP Election" on the Schedule of Beneficiaries next to the name of the trust and the value of it. More specifically, the Estate asserts that this qualifies as a valid election because it was in writing, identified the property, and was attached to the inheritance tax return. However, in *Department of State Revenue, Inheritance Tax Division v. Estate of Phelps,* this Court held that an estate's attachment of a copy of the will and revocable trust agreement to the inheritance tax return was not sufficient to satisfy the requirements of the regulation. *Estate of Phelps,* 697 N.E.2d at 510. Therefore, this Court held that the estate did not make a proper QTIP election on the inheritance tax return.[4] *Id.* The Court emphasized that failure to attach a QTIP election in compliance with the regulation "means that an irrevocable election has been made not to treat the transfer as QTIP transfer." *Id.* (*quoting* IND. ADMIN. CODE tit. 45, r. 4.1–3–5(e)).

In this case, the Estate did not substantially conform with the form and content of an election under the regulation by merely stating "QTIP Election" on the Schedule of Beneficiaries. There was no affirmative statement that the election was being made pursuant to Indiana Code Section 6–4.1–3–7, no statement of understanding that the election was irrevocable, and no signature on the asserted election (Designation of Beneficiaries).[5] Consequently, as in *Estate of Phelps,* the Estate

did not make a valid QTIP election in this case.

Nonetheless, the Estate argues that if absolute compliance with Indiana Administrative Code Title 45 Regulation 4.1–3–5 is required, the regulation is invalid because it adds to the statute. Even assuming arguendo that the regulation is invalid, the Estate's indication that it wanted to make a QTIP election is not adequate to meet the requirements of the statute. In *Estate of Hibbs,* which arose before the Department promulgated the regulation, this Court held that the estate's election, which consisted of language in the trust instrument and will that were attached to the return, was sufficient to satisfy the requirements of the statute. *Estate of Hibbs,* 636 N.E.2d at 209–10. The language stated *"My Executor is directed to qualify the property* in the trust . . . *as qualified terminable interest property* for purposes of Marital Deduction and as a property interest which a decedent transfers to his or her surviving spouse and *exempt from Indiana death tax as provided in I.C. § 6–4.1–3–7." Estate of Hibbs,* 636 N.E.2d at 210 (original emphasis). This Court stated in *Estate of Hibbs* that to make a QTIP election, the attached writing must "manifest an affirmative, unequivocal intent to elect Indiana QTIP treatment." *Id.* at 209. In *Estate of Hibbs,* the language in the trust and will was unequivocal and affirmatively communicated the personal representative's intent to elect Indiana QTIP treatment. *Id.*

Here, however, writing "QTIP Election" on a schedule of beneficiaries is not an

---

4. In *Estate of Phelps,* the estate filed a second inheritance tax return with the proper QTIP Election attached to it. *Estate of Phelps,* 697 N.E.2d at 510. However, this Court held that the estate was not entitled to the election because the election had to be attached to the original Indiana inheritance tax return at the time it was filed. *Id.*

5. The Court acknowledges that the Estate signed the actual inheritance tax return as required for filing. However, this does not substantially meet the requirements of the regulation that the QTIP election itself be signed.

affirmative and unequivocal expression of intent to elect QTIP treatment. This writing is buried in a schedule. The fact that the statute states that the election is irrevocable makes it especially important that the personal representative make an affirmative, unequivocal expression of intent to elect QTIP status.[6] There was no affirmative statement and no citation to the statute regarding QTIP elections indicating an understanding about the irrevocability of the election. Therefore, the Estate did not make a valid QTIP election and additional inheritance tax is due. Thus, the Court AFFIRMS the probate court's decision.

## II. Deductions

■■ The second issue is whether the probate court erred by allowing the Estate to take deductions for certain items [7] on the Indiana inheritance tax return that it might later take on the Indiana fiduciary tax return. The Department argues that if the Estate takes the deductions on this inheritance tax return and on the fiduciary tax return it would result in a double deduction that is prohibited by Indiana Administrative Code Title 45, r. 4.1–3–11. That regulation provides in relevant part:

(a) *Reasonable expenses* incurred in administering property subject to the inheritance tax may be deducted from the value of such property.

(b) As used in this section, "reasonable expenses" means expenditures that are actually and necessarily incurred to effect the settlement of the estate and the transfer of property of the estate to an individual transferee or a trustee. The term does not include expenditures for the individual benefit of a transferee such as the expense of litigation by a transferee as an individual or by claimants against the estate. Except as provided in subsection (f), the term includes the expense of preparing the fiduciary income tax return.

\* \* \* \*

(f) *Expenses that are deducted, or will be deducted, against the estate's fiduciary income are not reasonable expenses for purposes of subsection (a).*

45 IAC 4.1–3–11 (1992)(emphasis added). It is clear from the regulation that the expenses deducted by the Estate on the inheritance tax return will not be considered "reasonable" *if* it also deducts or plans to deduct those expenses from its fiduciary tax return. Here, the Estate has not yet filed the fiduciary tax return. Therefore, there is no evidence that a double deduction has taken or will take place. Consequently, there is no evidence to indicate a violation of the regulation. The probate court held that "the mere possibility that the estate *may in the future* act inconsistently with the regulation prohibiting double deductions is not determinative in this proceeding." (App. at 12.)(original emphasis.) This factual situation forces the Court to determine whether it has subject matter jurisdiction to decide this issue.

■■ "Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 138 (Ind. Tax Ct.1995). Whether a

6. There may be cases where a taxpayer makes a federal QTIP election but chooses not to elect Indiana QTIP treatment because it would not be beneficial. *See Estate of Hibbs*, 636 N.E.2d at 210 n. 4.

7. These items included personal representative fees, attorney fees, court costs, and appraisal fees. (App. at 11, 23–24.) These types of items are deductible pursuant to Indiana Code Section 6–4.1–3–13(b)(9).

court has subject matter jurisdiction "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.* Included within subject matter jurisdiction is whether a claim is ripe for review. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000). "Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Indiana Dep't of Envtl. Management v. Chemical Waste Management, Inc.,* 643 N.E.2d 331, 336 (Ind.1994). BLACK'S LAW DICTIONARY defines ripeness as the "circumstance existing when a case has reached, but has not passed, the point when the facts have developed sufficiently to permit an intelligent and useful decision to be made." BLACK'S LAW DICTIONARY 1328 (7th ed.1999). Furthermore, in deciding ripeness claims, consideration must be given to, among other things, "the need to defer to other branches of government." *Carroll County Rural Elec. Membership Corp.,* 733 N.E.2d at 47, n. 3. When deciding a ripeness issue, the Court must consider: "(1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration." *Id.* at 48 (internal quotation and citation omitted).

 Here, the Court cannot make a decision on whether the regulation is vio-

lated because the Estate has not yet filed a fiduciary tax return. There are no actual facts present upon which the Court can make a decision. *See Indiana Dep't of Envtl. Management,* 643 N.E.2d at 336. The facts simply have not developed sufficiently at this point. *See* BLACK'S LAW DICTIONARY 1328 (7th ed.1999). The Department appears to argue that it is placed under hardship in this case because it only has 120 days after the inheritance tax order is issued to petition for rehearing and often fiduciary tax returns are not filed within that time period. *See* IND CODE 6–4.1–7–1. While this may be true, the Court believes that resolution of this timing problem would be best left to the legislature or Department by respectively amending the statute or promulgating additional regulations.[8] *See Carroll County Rural Elec. Membership Corp.,* 733 N.E.2d at 47 n. 3. Finally, the Court may not issue advisory opinions. *See id.* at 47 n. 2 (citing *INS Investigations Bureau, Inc. v. Lee,* 709 N.E.2d 736, 742 (Ind.Ct. App.1999), *trans. denied; Community Hosps. of Ind., Inc. v. Estate of North,* 661 N.E.2d 1235, 1239 (Ind.Ct.App.1996), *trans. denied* ). A decision in this case, a case that is not ripe for adjudication, would effectively be an advisory opinion beyond this Court's subject matter jurisdiction. *See id.* Accordingly, this Court AFFIRMS the probate Court's decision with regard to this issue.[9]

## CONCLUSION

For the foregoing reasons, the probate court's decision to deny the QTIP election

---

**8.** The logical solution to this dilemma is to allow the estate to take the deduction on either the inheritance or fiduciary tax return. Taking the deduction on one return would preclude the estate from taking the deduction on the other return. Present law does not currently provide for this resolution.

**9.** The Department contends that the probate court decision should be reversed because it

did not place the burden on the Estate to prove that it was entitled to take the deductions at issue. However, the Department admits that the probate court did not state who had the burden to prove the deduction issue. Nonetheless, this Court does not reach the burden issue because the issue of a potential double deduction is not ripe for review. *See supra* Part II.

because a valid election was not made and allow the deductions because the issue is not ripe for review is hereby AFFIRMED.