**Janet S. LOGAN, Appellant–Plaintiff,**

v.

**Robert E. ROYER, Appellee– Defendant.**

**No. 53A01–0409–CV–384.**

Court of Appeals of Indiana.

June 16, 2006.

---

William R. Fatout, Stewart & Irwin, Indianapolis, Attorney for Appellant.

Robert D. Mann, Benjamin L. Niehoff, Andrews, Harrell, Mann, Carmin & Parker, Bloomington, Attorneys for Appellee.

## OPINION

MAY, Judge.

Janet Logan appeals summary judgment in favor of her brother Robert Royer in her petition to contest the will of their father, Carl Royer ("Father"). She raises three issues, one of which we find dispositive: Whether the trial court abused its discretion by altering the time limit for Logan's response to Royer's motion for summary judgment.[1]

We reverse and remand.

---

1. Logan also argues the trial court erred in granting summary judgment because there were genuine issues of material fact as to whether Royer exercised dominance over Father and because the trial court did not presume, for purposes of summary judgment, that Royer had exerted undue influence in the making of Father's will. Because we remand for further proceedings, we need not address these issues.

On May 3, 2006, Royer filed a motion for leave to amend his brief in light of changes to the law related to the presumption of undue influence when an attorney-in-fact benefits from his principal's will. Because we reverse and remand this case on other grounds and do not reach the issue of undue influence, we deny Royer's motion.

## FACTS AND PROCEDURAL HISTORY

Father died on May 5, 2003. Father's will, executed February 7, 2001, provided his entire estate would be left to Royer and there would be no distribution to Logan "for reasons known to her." (App. at 102.) The will was admitted to probate on May 29, 2003. Logan filed a will contest on July 22, 2003, alleging, *inter alia,* Father's will was the product of Royer's undue influence. Trial was scheduled for August 10–11, 2004, and a case management order issued in March 2004 provided discovery was to be completed by July 16. Logan filed an amended motion for order compelling discovery on June 28, 2004.

On July 6, 2004, Royer filed a motion to alter the time limits set out in Trial Rule 56 ("the 56(I) motion"). The trial court granted Royer's motion on July 8, 2004, giving Logan fifteen days from the time of the filing of Royer's motion for summary judgment to respond to it. Royer filed a motion for summary judgment on July 12, 2004.

Logan moved to set aside the alteration of time limits on July 15, 2004, asserting she had neither notice nor opportunity to be heard prior to the grant of Royer's motion to alter time limits,[2] she had insufficient time to respond to Royer's motion for summary judgment, and outstanding discovery issues had not yet been resolved.

Her motion notes: "Discovery has not been completed in this matter, as [Royer] objected to much of [Logan's] discovery, [Logan] filed a Motion for Order Compelling Discovery, and such Motion has not yet been heard." (*Id.* at 229.)

The parties had a telephonic conference with the trial court on July 19, 2004. On July 22, 2004, the trial court granted Logan's motion to compel discovery and, via facsimile, informed the parties "all current deadlines remain in effect." (*Id.* at 237.)

On Friday, July 23, 2004, Royer's counsel faxed Logan's counsel unsigned[3] answers to Logan's discovery requests. On Monday, July 26, 2004, Logan filed a motion to continue the trial set for August 10–11, and renewed her motion regarding the alteration of time limits. Under the trial court's July 8 order, Logan's response to summary judgment would have been due on July 27, 2004. However, the trial court did not rule on Logan's July 26 motions until July 29, 2004.[4] Logan filed her response to summary judgment on August 2, 2004.[5] A summary judgment hearing was held on August 5, 2004 and the trial court granted Royer's motion for summary judgment on August 6, 2004.

## DISCUSSION AND DECISION

A defendant may seek summary judgment at any time after an action commences. T.R. 56(B). T.R. 56(C) provided:[6]

---

**2.** Logan's counsel had been on a week-long vacation when Royer filed and the trial court ruled on his T.R. 56(I) motion.

**3.** Logan's motion notes: "The cover page contained [Royer's counsel's] representation that 'Mr. Royer will sign early next week and I'll get you a signed copy.' " (App. at 242.)

**4.** The CCS entry states: "The court DENIES Plaintiff's Motion to Continue the Trial Date herein and notifies counsel telephonically. This cause remains set for summary judgment hearing on August 5, 2004 AT 11:00 a.m. and for jury trial on August 10, 2004 AT 9:00

A.M." (App. at 245.) No mention is made of Logan's renewed motion objecting to the alteration of time limits.

**5.** The trial court apparently accepted Logan's response as timely filed.

**6.** T.R. 56(C) was amended effective January 1, 2006. Under the new rule, the court may hold a hearing on a motion for summary judgment, but is not required to unless one of the parties requests a hearing. We apply the rule in effect when the trial court ruled on the motion at issue.

An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response.... The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

T.R. 56(I) states: "The Court, for cause found, may alter any time limit set forth in this rule."[7]

■ The decision to alter a time limit under T.R. 56(I) is committed to the sound discretion of the trial court. *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 946 n. 4 (Ind.Ct.App.2001). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Chandler v. Dillon ex rel. Estate of Bennett*, 754 N.E.2d 1002, 1004–05 (Ind.Ct. App.2001).

Logan argues the trial court abused its discretion in altering the time limits because Royer "did not allege cause for the shortening of time and the trial court did not find cause." (Br. of Appellant at 16.) In light of the outstanding discovery issues, we are inclined to agree. However,

we base our decision on a more fundamental principle.

■ The trial rules must be construed so as "to secure the just, speedy and inexpensive determination of every action." T.R. 1. Although T.R. 56 does not specify when a T.R. 56(I) motion may be filed, it is axiomatic that before the time limits to respond to a motion for summary judgment can be altered, a motion for summary judgment must be filed.[8] Royer had not yet moved for summary judgment when he filed the 56(I) motion. Without the motion for summary judgment before it, the trial court could not have properly evaluated Royer's 56(I) motion to determine whether alteration of time was appropriate.[9] In addition, Logan could not have adequately opposed Royer's 56(I) motion as filed because it does not specify what dispositive information had been discovered.[10]

■ Put another way, Royer's 56(I) motion was not "ripe" for consideration by the trial court, prior to the filing of a motion for summary judgment. Ripeness, as an aspect of subject matter jurisdiction, "relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind.1994). For a case, or an issue in a case, to be ripe for

---

7. T.R. 56(I) was amended effective January 1, 2005. The current version of T.R. 56(I) provides: "For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit." We apply the rule in effect when the trial court ruled on the motion at issue.

8. Thus, a motion to shorten time to respond to a motion for summary judgment could be filed either contemporaneously with or after that motion for summary judgment.

9. For example, without the motion for summary judgment before it, a trial court would be unable to consider the factual and legal complexity of the issues raised in the motion and make an informed decision as to whether the issues could be adequately addressed in a compressed time frame.

10. Royer's motion states he "has recently obtained information from discovery which [he] believes may resolve outstanding issues as a matter of law" and thus asks that the time limits be shortened. (App. at 38.)

review, the facts must "have developed sufficiently to permit an intelligent and useful decision to be made." Black's Law Dictionary 1328 (7th ed.1999).

When a T.R. 56(I) motion is filed before the motion for summary judgment, there are "no actual facts present upon which the Court can make a decision." *Estate of Hagerman v. Ind. Dept. of State Revenue,* 771 N.E.2d 120, 128 (Ind.Tax.Ct.2002) (citing *Chem. Waste Mgmt.,* 643 N.E.2d at 336). Whether cause exists for any time limit under T.R. 56 to be altered cannot be determined fairly in the vacuum created by the absence of a motion for summary judgment. The trial court's decision, made without a finding of cause while discovery motions were still pending, was an abuse of discretion. On remand, Logan should be given an opportunity to complete her discovery and properly respond to Royer's motion for summary judgment.

Reversed and remanded.

ROBB, J., concurs.

KIRSCH, C.J., concurs with separate opinion.

KIRSCH, Chief Judge, concurring in result.

While I agree with my colleagues' conclusion that summary judgment was improper and should be reversed, I reach that conclusion by a different path. Accordingly, I respectfully concur in result.

I do not find it "axiomatic" that "before the time limits to respond to a motion for summary judgment can be altered, a motion for summary judgment must be filed." Maj. Op., p. 1160. I believe that case management for trial courts facing significant case loads is an imprecise art and that, notwithstanding the best efforts of trial court judges and counsel and parties, last minute matters arise on the eve of trial that must be approached pragmatically if the trial rules' goal of the "just,

speedy and inexpensive determination of every action" is to be attained.

Here, the trial court was faced with a difficult decision. Thirty-five days before trial, the defendant states that he believes he has discovered the basis for a motion for summary judgment that, if granted, will obviate the necessity for a trial. If the time limits set forth in T.R. 56(C) are followed, however, the matter cannot be set for hearing before the trial date. Thus, unless the time periods set forth in the rule are to be altered, it makes no sense for the defendant to go to the time and expense of filing the motion. Thus, the trial court had three options: alter the T.R. 56 time limits; deny the motion to alter the time limits and proceed to conduct the trial as scheduled; or continue the trial to allow for the filing of a summary judgment motion and conducting the proceedings thereon in accordance with the T.R. 56 time limits.

None of the options available to the trial court was without its detriments. Granting the motion to shorten the T.R. 56 time limits put an additional burden on the plaintiff and on the court on the eve of trial. Denying the motion to shorten time limits and proceeding to trial runs the risk that the time and expense of the trial to the parties, their counsel, the jury and the court might be wasted if the matter turns upon an unresolved question of law. Finally, continuing the trial of necessity leads to delay and its attendant expense if the motion for summary judgment is not granted.

Given the difficulties posed by each of the options confronting the trial court in this proceeding, I cannot say the trial court abused its discretion in shortening the time limits for the T.R. 56 proceedings. Indeed, it may have been the least of the three evils. Here, the burden imposed on

the court and the plaintiff was minimal, and the benefits if the motion were well-taken were significant—the parties, their counsel, the court and the jury would have avoided the costs of a jury trial.

I do not think that trial courts should in all cases be denied the discretion to shorten the time limits prior to the actual filing of the motion. The preparation and filing of a motion for summary judgment, supporting memoranda and other documents can involve significant time and expense. Where, as here, the motion would be mooted by a trial if the time limits were not shortened, is it not the best practice to determine the applicable time limits before incurring the expense of filing a motion that will be meaningless if the time limits are not shortened? The discretion of our trial courts should not be limited by the bright-line rule set forth by the majority.

Here, while I think that the trial court was within its discretion to shorten the T.R. 56 time limits, I think the court erred in granting the defendant's motion for summary judgment because it impermissibly shifted the burden of coming forward with evidence to the plaintiff contrary to the directions of our Supreme Court in *Jarboe v. Landmark Community Newspapers*, 644 N.E.2d 118 (Ind.1994). Accordingly, I concur in the result reached by my colleagues.