**INDIANA DEPARTMENT OF STATE REVENUE, Inheritance Tax Division, Appellant,**

v.

**The ESTATE OF Marjean M. OGLE, Appellee.**

No. 49T10–0906–TA–30.

Tax Court of Indiana.

March 24, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Kristen M. Kemp, Nancy M.

Hauptman, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellant.

John T. Casey, Attorney at Law, Rensselaer, IN, Edward P. Dumas, Dumas, Weist & Mahnesmith, Rensselaer, IN, Attorneys for Appellee.

FISHER, J.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the Jasper Circuit Court's (probate court) order determining the Indiana inheritance tax liability of the Estate of Marjean M. Ogle (Estate). The issue before this Court is whether the probate court erred when it determined the Estate's inheritance tax liability.

### FACTS AND PROCEDURAL HISTORY

Marjean M. Ogle died on April 13, 2008. On October 20, 2008, the Estate filed its Indiana inheritance tax return, reporting a total tax liability of $1,488. Attached to the return was an appraisal, prepared by a local real estate broker, which valued Ogle's real estate at $395,000.

On October 22, 2008, the Jasper County Inheritance Tax Appraiser issued its "Report of Appraiser," indicating that the information on the Estate's return was accurate. (*See* Appellant's App. Ex. A at 1.) Accordingly, the probate court issued an "Order Determining Inheritance Tax Due" (Order) that same day in the amount of $1,488. While the probate court issued its Order on the Department's prescribed form,[1] the following additional language was inserted: "5% discount if paid before 01/13/2009; pay: $1,414[.]" (*See* Appellant's App. Ex. E at 1 (emphasis omitted) (footnote added).)

On February 17, 2009, the Department filed a "Petition for Rehearing, Reappraisement and Redetermination of Inheri-

tance Tax" (Petition) with the probate court. In its Petition, the Department complained that because the Estate's appraisal had not been prepared by a licensed appraiser and the Order's form had been altered to include the discount language, it could not "complete its audit ... [and t]he amount of tax in controversy cannot be determined[.]" (Appellant's App. Ex. F at 1–2.)

On May 18, 2009, after conducting a hearing on the matter, the probate court denied the Department's Petition. In so doing, the probate court found that while the parties' arguments focused on whether a real estate broker qualified as a licensed appraiser for purposes of preparing an appraisal, the focus was misplaced because, pursuant to Indiana Code § 6–4.1–4–1, the Estate was not required to file an appraisal in the first instance. (*See* Appellant's App. Ex. B at 2–3.) With respect to the discount language, the probate court held that the Department had no authority "to control the exact language" contained within its Order. (*See* Appellant's App. Ex. B at 4–5.)

On June 30, 2009, the Department filed an appeal with this Court. The Court heard the parties' oral arguments on December 18, 2009. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

█ The Indiana Tax Court acts as a true appellate tribunal when it reviews a probate court's determination concerning the amount of Indiana inheritance tax due. IND.CODE ANN. § 6–4.1–7–7 (West 2010); *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Phelps*, 697 N.E.2d 506, 509 (Ind. Tax Ct.1998). Accordingly, while the Court will afford the

---

1. When a probate court issues an "Order Determining Inheritance Tax Due," it is required to use the Department's IH–9 Form. *See* IND.CODE ANN § 6–4.1–5–10 (West 2008).

probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo*.[2] *Id.* (citations omitted) (footnote added).

## DISCUSSION

█ Indiana Code § 6–4.1–4–1 states, in its entirety:

(a) Except as otherwise provided in section 0.5 of this chapter or in IC 6–4.1–5–8, the personal representative of a resident decedent's estate . . . shall file an inheritance tax return with the appropriate probate court within nine (9) months after the date of the decedent's death. The person filing the return shall file it under oath on the forms prescribed by the [Department]. The return shall:

(1) contain a statement of all property interests transferred by the decedent under taxable transfers;

(2) indicate the fair market value, as of the appraisal date prescribed by IC 6–4.1–5–1.5, of each property interest included in the statement;

(3) contain an itemized list of all inheritance tax deductions claimed with respect to property interests included in the statement;

(4) contain a list which indicates the name and address of each transferee of the property interests included in the statement and which indicates the total value of the property interests transferred to each transferee; and

(5) contain the name and address of the attorney for the personal representative or for the person filing the return.

(b) If the decedent died testate, the person filing the return shall attach a copy of the decedent's will to the return.

IND.CODE ANN. § 6–4.1–4–1 (West 2008). On appeal, the Department explains that it has promulgated an administrative rule that explains how an estate is to "indicate" the fair market value of real estate under this statute. That rule specifically provides that "[t]he following documentation shall be attached to the inheritance tax return: . . . [a] formal appraisal, by a licensed appraiser, setting forth the fair market value of all tangible property reported on the return."[3] 45 IND. ADMIN. CODE 4.1–4–3(a)(6) (2008) (*see* http://www.in.gov/legislative/iac/) (footnote added). Thus, claims the Department, the probate court's order determining the Estate's inheritance tax liability must be reversed because the Estate's appraisal was "insufficient." (Appellant's Br. at 5.) The Court disagrees.

In a case handed down simultaneously with this one, this Court has held that

**2.** Stated differently, this Court will affirm the probate court's judgment upon any legal theory supported by evidence introduced at trial. More specifically, [it] will reverse the probate court's judgment only if there is no substantial evidence of probative value to support the judgment. [It] will not reweigh the evidence, nor will it assess witness credibility. *Estate of Hibbs v. Indiana Dep't of State Revenue, Inheritance Tax Div.*, 636 N.E.2d 204, 206 (Ind. Tax Ct.1994) (internal quotation marks and citations omitted).

**3.** In turn, explains the Department, a licensed appraiser is an appraiser certified by the Indiana Real Estate Appraiser Licensure and Certification Board under Indiana Code § 25–34.1–1–2. (*See generally* Appellant's Br. at 11–16.) Although it acknowledges that a real estate broker can appraise property in certain instances or for certain purposes, the Department explains that, for inheritance tax purposes, it has chosen to require appraisals by appraisers who are subject to more rigorous licensing requirements because "it would [otherwise] be necessary [for the Department] to independently conduct a case-by-case real estate valuation for every return and statutorily challenge all disputed valuations to ensure the fair market value is properly reported." (Appellant's Br. at 9–10 (footnote omitted).)

Indiana Code § 6–4.1–4–1 "by its own terms, does not require [an e]state to obtain an appraisal valuing its assets at their fair market value nor does it require [an e]state to file such an appraisal with its inheritance tax return." *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Parker*, Cause No. 49T10–0812–TA–72, 2010 WL 1078715, 924 N.E.2d 230, 233 (Ind. Tax Ct. March 24, 2010). Consequently, it was not improper for the probate court to reject the Department's argument that the Estate's appraisal was "insufficient" in this case.[4]

With respect to its claim that it was improper for the probate court to add the discount language to its Order, the Court notes that the Department does not contest the fact that the Estate is entitled to the discount.[5] (*See* Appellant's Br. at 17–18 (footnote added).) Thus, to the extent the Department merely requests that this Court admonish the probate court for adding the discount language, (*see* Oral Argument Tr. at 27), the Court declines its invitation.

## CONCLUSION

The probate court did not err when it denied the Department's Petition. The probate court's Order is therefore AFFIRMED.

---

4. As the Court explained in *Parker*, the Department's regulation, 45 IAC 4.1–4–3, simply stands for the proposition that "if you've got it, attach it." *See Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Parker*, Cause No. 49T10–0812–TA–72, 2010 WL 1078715, 924 N.E.2d 230, 233–34 (Ind. Tax Ct. March 24, 2010). To the extent that the Estate attached what it had to its inheritance tax return, nothing more was required.

5. Indeed, Indiana Code § 6–4.1–9–2 provides that

[i]f the inheritance tax imposed … is paid within nine (9) months after the [decedent's] date of death, the person making the payment is entitled to a five percent (5%) reduction in the inheritance tax due. When payment is so made, the person collecting the tax shall grant the five percent (5%) reduction to the payor.

IND.CODE ANN § 6–4.1–9–2 (West 2008).