INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant,

v.

In the Matter of the ESTATE OF Deloras J. BIDDLE, Deceased, Appellee.

No. 49T10–1007–TA–35.

Tax Court of Indiana.

Feb. 8, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Kristen M. Kemp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

WENTWORTH, J.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the Knox Circuit Court's (probate court) order determining that the Estate of Deloras J. Biddle (Estate) did not owe Indiana inheritance tax and was therefore not required to file an Indiana inheritance tax return. The issue before this Court is whether the probate court erred in making that determination.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Deloras J. Biddle was born on July 13, 1936; she died intestate on March 13, 2005. Ten days later, the probate court appointed Deloras' son, Curtis Biddle, as the personal representative of her Estate and ordered its unsupervised administration. As the Estate's personal representative, Curtis subsequently filed an inventory, a final accounting, and a verified closing statement. (*See* Appellant's App. at 53–56, 60–61.) Given that Curtis, as Deloras' sole heir, received a distribution that was less than the exemption to which he was entitled, no inheritance tax return was filed. (*See* Appellant's App. at 55–56.) On April 24, 2006, the probate court approved the closing statement and released Curtis from his duties as personal representative. (Appellant's App. at 51.)

It appears that sometime in 2008, the Department learned that the Metropolitan Life Insurance Company ("MetLife") issued two checks to Deloras' brother, Richard Fine, in May of 2005. (*See* Appellant's

App. at 43.) The two checks, totaling $26,629.87, indicated that they "repre- sent[ed] the amount of death claim pro- ceeds from [an] annuity contract" held by Deloras. (*See* Appellant's App. at 41–42.) On August 26, 2009, the Department filed with the probate court a "Motion to Com- pel Compliance with Statutory and Regula- tory Requirements," explaining that the annuity proceeds paid to Fine were subject to Indiana's inheritance tax. (*See* Appel- lant's App. at 48–49.) As a result, the Department requested that the probate court order the Estate to file an inheri- tance tax return and remit the appropriate amount of tax due on the transfers to Fine.[1] (*See* Appellant's App. at 48–49 (foot- note added).) The probate court, however, issued the following order on April 29, 2010:

> The Court, being duly advised, hereby finds that an Indiana Inheritance Tax Return is not required by Ind.Code 6– 4.1–4–1. Richard Fine was a transferee of proceeds under a contract of life in- surance that did not pass through the decedent's estate.
>
> IT IS THEREFORE ORDERED that neither Richard Fine nor the Per- sonal Representative are required to file an Indiana Inheritance Tax Return.

(Appellant's App. at 26.)

On June 1, 2010, the Department filed a motion to correct error with the probate court. (Appellant's App. at 10–24.) The Department's motion was deemed denied on July 16, 2010. *See* Ind. Trial Rule 53.3(A). On July 22, 2010, the Department filed an appeal with this Court. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The Indiana Tax Court acts as a true appellate tribunal when it reviews a pro- bate court's determination concerning the amount of Indiana inheritance tax due. Ind.Code Ann. § 6–4.1–7–7 (West 2011); *Ind. Dep't of State Revenue, Inheritance Tax Div. v. Estate of Phelps*, 697 N.E.2d 506, 509 (Ind. Tax Ct.1998). Given that the appellee has not filed a brief in this matter, the Court will not undertake the burden of developing an argument on its behalf. Consequently, the Court need only determine whether the Department has established that the probate court committed *prima facie* error (i.e., error "at first sight, on first appearance, or on the face of it").[2] *See In re Estate of Wheat*, 858 N.E.2d 175, 181 (Ind.Ct.App.2006) (ci- tation and quotation omitted) (footnote added).

## DISCUSSION

In Indiana, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property interest trans- fers made by him." Ind.Code Ann. § 6– 4.1–2–1 (West 2005). This tax "is not a tax on the property of [the] decedent's estate, but a tax on the privilege of succeeding to [the] property rights of the deceased." *In re Estate of McNicholas*, 580 N.E.2d 978, 980–81 (Ind.Ct.App.1991) (citation omit- ted), *trans. denied.* Generally, the amount of inheritance tax due on each of the dece- dent's transfers is based on the fair mar-

---

1. The Department requested that the probate court order Fine to file the inheritance tax return for the Estate. (*See* Appellant's App. at 28–29.)

2. "This standard prevents two evils that would otherwise undermine the judicial pro- cess. By requiring the appellant to show some error ... the [C]ourt, not the parties, decides the law. By allowing the appellant to prevail upon a showing simply of *prima facie* error, [the Court] avoid[s] the improper bur- den of having to act as advocate for the ab- sent appellee." *Vukovich v. Coleman*, 789 N.E.2d 520, 524 n. 4 (Ind.Ct.App.2003).

ket value (as of the date of the decedent's death) of the property interests transferred as well as the relationship between the decedent and the transferee. *See* IND. CODE ANN. §§ 6-4.1–1–3, –5–1, –1.5 (West 2005).

Certain transfers, however, are exempt from inheritance tax. For example, "[t]he proceeds from life insurance on the life of a decedent are exempt from the inheritance tax[.]"[3] Ind.Code Ann. § 6-4.1–3–6 (West 2005) (footnote added). Annuity payments are also exempt from inheritance tax, but only "to the same extent that the annuity ... is excluded from the decedent's federal gross estate under Section 2039 of the Internal Revenue Code." Ind.Code Ann. § 6-4.1–3–6.5 (West 2005) (footnote omitted).[4] Consequently, an annuity payment received by a beneficiary is subject to Indiana's inheritance tax if: (1) the annuity contract was entered into after March 3, 1931; and (2) the annuity was payable to the decedent, or the decedent possessed the right to receive the payment either for his life, for any period not ascertainable without reference to his death, or for any period which does not in fact end

before his death. *Cf. id. with* I. R.C. § 2039 (2005).

On appeal, the Department argues that the probate court erred when it determined that the Estate was not required to file an inheritance tax return because the checks issued by MetLife to Fine were life insurance proceeds and not annuity contract payments. (*See* Appellant's Br.) The Court agrees.

On its face, the evidence in this case does not support the probate court's conclusion that the payments received by Fine from MetLife were life insurance proceeds. Indeed, the checks clearly state that they were "proceeds from [an] annuity contract[.]" (Appellant's App. at 41–42.) Because the probate court has provided no reasoning, nor has it cited to any other evidence, which would support its conclusion that the MetLife payments to Fine were life insurance proceeds, its judgment is REVERSED.

## CONCLUSION

The probate court erred when it determined that the Estate was not required to file an inheritance tax return because the MetLife payments were life insurance pro-

---

3. Unless, of course, "the proceeds become subject to distribution as part of [the decedent's] estate and subject to claims against [the] estate." IND.CODE ANN. § 6-4.1–3–6 (West 2005).

4. Section 2039 of the Internal Revenue Code provides:
   (a) General
   The gross estate shall include the value of an annuity or other payment receivable by any beneficiary by reason of surviving the decedent under any form of contract or agreement entered into after March 3, 1931 (other than as insurance under policies on the life of the decedent), if, under such contract or agreement, an annuity or other payment was payable to the decedent, or the decedent possessed the right to receive such annuity or payment, either alone or in conjunction with another for his life or for

any period not ascertainable without reference to his death or for any period which does not in fact end before his death.
   (b) Amount includible
   Subsection (a) shall apply to only such part of the value of the annuity or other payment receivable under such contract or agreement as is proportionate to that part of the purchase price therefor contributed by the decedent. For purposes of this section, any contribution by the decedent's employer or former employer to the purchase price of such contract or agreement (whether or not to an employee's trust or fund forming part of a pension, annuity, retirement, bonus or profit sharing plan) shall be considered to be contributed by the decedent if made by reason of his employment.
   I.R.C. § 2039 (2005).

ceeds and therefore not subject to Indiana's inheritance tax. Accordingly, the matter is REMANDED to the probate court with instructions to order the Estate to provide a copy of the subject MetLife contract(s) so that it may be determined whether the Estate was indeed required to file an Indiana inheritance tax return and remit inheritance tax on the transfers to Fine.