Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JOHN P. NICHOLS**
Anderson & Nichols
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**LIBBY Y. GOODKNIGHT**
**CATHERINE E. SABATINE**
Krieg DeVault LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SOPHIA TOMPKINS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1307-CT-348 |
| | ) | |
| KINDRED NURSING CENTERS, LLP, | ) | |
| d/b/a SOUTHWOOD HEALTH AND | ) | |
| REHABILITATION CENTER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-1208-CT-6770

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Sophia Tompkins appeals the trial court's entry of summary judgment in favor of Kindred Nursing Centers, LLP, d/b/a Southwood Health and Rehabilitation Center ("Southwood"). On appeal, Tompkins raises a single issue for our review, namely, whether the trial court erred when it entered summary judgment for Southwood. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2007, Tompkins was an inpatient at Southwood. On that date, she requested assistance getting out of her bed. However, "the staff member failed to provide physical assistance to Ms. Tompkins, and[,] as a result, [she] fell to the ground, sustaining personal injuries." Appellant's App. at 22.

On February 18, 2009, Tompkins filed a proposed medical malpractice complaint with the Indiana Department of Insurance. On May 14, 2012, the Medical Review Panel ("the Review Panel") rendered a unanimous opinion in favor of Southwood on Tompkins' proposed complaint, stating that "the evidence does not support the conclusion that the defendant failed to meet the applicable standard of care." Id. at 25. On August 9, 2012, Tompkins filed her complaint for damages in the Vigo Superior Court.

On August 28, Southwood responded with a motion for summary judgment based on the Review Panel's unanimous opinion. Tompkins did not object to Southwood's motion as premature; rather, Tompkins filed four consecutive motions for an extension of time to respond to Southwood's motion for summary judgment on September 29,

2

October 26, November 27, and December 28. The trial court granted each of Tompkins' requests.

On January 11, 2013, Tompkins filed her brief in opposition to Southwood's motion for summary judgment and her designation of evidence. Tompkins' designation of evidence consisted entirely of her complaint, the Review Panel's opinion, two pages of "Resident Progress Notes" from her stay at Southwood, and her medical history. Id. at 41. And in her brief, Tompkins asserted that, in addition to the existence of genuine issues of material fact, summary judgment was "premature" because "we have not even had a pre-trial and deadlines have not been set . . . ." Id. at 35.

On March 19, the trial court, on Tompkins' motion, held a pre-trial conference, at which the court set a summary judgment hearing date for May 31. The court later rescheduled the summary judgment hearing, again on Tompkins' motion, for June 17. At that hearing, Southwood argued that Tompkins had failed to designate any evidence to rebut the Review Panel's opinion. The entirety of Tompkins response was as follows:

> [O]ur position . . . we just think its premature [and] that the Court needs to set some deadlines for deposing the panel members and . . . if we depose them and we're not satisfied with what [we] get out of that we'd like a cut-off date to get an expert. So, we just think it's premature.

Transcript at 8-9. On June 18, the trial court granted Southwood's motion for summary judgment. This appeal ensued.

## DISCUSSION AND DECISION

Tompkins appeals the trial court's entry of summary judgment for Southwood. Our standard of review for summary judgment appeals is well established:

3

When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted).

On appeal, Tompkins' argument is as follows:

[Tompkins'] Proposed Complaint clearly created a question of fact as [to] whether Southwood was negligent in the above-referenced matter.
    Likewise, [Tompkins] agree[s] that [she] must rebut the [Review P]anel's opinion with expert medical testimony in order to survive summary judgment. In the instant case, we have not even had a pre-trial and deadlines had not been set for summary judgment. As such, Southwood's Motion for Summary Judgment was premature.

Appellant's Br. at 4. Thus, Tompkins concedes that she did not satisfy her burden on summary judgment to rebut Southwood's designation of the Review Panel's opinion, which demonstrated that no genuine issue of material fact existed on Tompkins' complaint. See, e.g., Ziobron v. Squires, 907 N.E.2d 118, 122 (Ind. Ct. App. 2008) ("Under Indiana law, a plaintiff in a medical malpractice case must generally present expert opinion testimony to demonstrate the existence of a genuine issue of fact once the defending parties designate the opinion of a medical review panel finding that the defendants exercised the applicable standard of care.").

4

Nonetheless, Tompkins attempts to avoid her burden to rebut Southwood's designated evidence by baldly asserting that Southwood's motion for summary judgment was "premature." Appellant's Br. at 4. But Indiana Trial Rule 56(B) could not be more clear: "A party against whom a claim . . . is asserted . . . may, <u>at any time</u>, move . . . for a summary judgment . . . ." (Emphasis added.) Hence, "[a] defendant may seek summary judgment at any time after an action commences." <u>Logan v. Royer</u>, 848 N.E.2d 1157, 1159 (Ind. Ct. App. 2006). Tompkins does not address these clear standards on appeal.

Further, normally "Trial Rule 56 requires an adverse party designate evidence and material issues of fact in its 'response,' which must be filed within 30 days after the motion is served." <u>Seufert v. RWB Med. Income Props. I Ltd. P'ship</u>, 649 N.E.2d 1070, 1072 (Ind. Ct. App. 1995). Rule 56(I), however, permits the trial court, "[f]or cause found, . . . [to] alter any time limit set forth in this rule upon motion made within the applicable time limit." Here, Tompkins does not discuss the fact that the trial court granted her four extensions of time after Southwood's August 28, 2012, motion for summary judgment and before Tompkins submitted her designated evidence on January 11, 2013. Accordingly, Tompkins' argument is not supported by cogent reasoning. <u>See</u> Ind. Appellate Rule 46(A)(8)(a). We affirm the trial court's entry of summary judgment for Southwood.

Affirmed.

BAKER, J., and CRONE, J., concur.